MORRIS, Judge.
Samuel W. Ballinger appeals a final summary judgment entered in favor of Bay Gulf Credit Union. While we find no error in two of the issues raised by Bal-linger, we must reverse because the verified complaint was insufficiently pleaded and, therefore, final summary judgment was improvidently entered.
This case involves Bay Gulfs actions in seeking to repossess three luxury vehicles which Ballinger financed through Bay Gulf. In Bay Gulfs verified complaint, a Bay Gulf employee, Shannon Lenth, stated that Lenth read everything and that the facts stated were “true to the best of my knowledge and belief.” During the course of the proceedings, Bay Gulf sought summary judgment, and although Balling-er attempted to file an affidavit in opposition to Bay Gulfs motion for summary judgment, the trial court refused to accept the affidavit because it had not yet been filed with the trial court at the time of the summary judgment hearing. The court then rejected Ballinger’s argument that the verified complaint — standing alone— was insufficient as a matter of law to support a final summary judgment. In doing so, the court noted that the complaint “says it is verified.”
We acknowledge that “[a] verified complaint may serve the same purpose as an affidavit supporting or opposing a motion for summary judgment.” Boettcher v. IMC Mortg. Co., 871 So.2d 1047, 1049 n. 2 (Fla. 2d DCA 2004). “However, in order to be so considered, the allegations of the verified complaint must meet the requirements of the rule governing supporting and opposing affidavits.” Id. (citing Fla. R. Civ. P. 1.510(e)). Rule 1.510(e), in turn, provides that affidavits must be based on personal knowledge and shall “show affirmatively that the affi-ant is competent to testify to the matters stated therein.” A verification which is improperly based on information and belief is insufficient to entitle the verifying party to relief because the verification is qualified in nature. See Muss v. Lennar Fla. Partners I, L.P., 673 So.2d 84, 85 (Fla. 4th DCA 1996); Barton v. Circuit Court of the Nineteenth Judicial Circuit, 659 So.2d 1262, 1263 (Fla. 4th DCA 1995); Thompson v. Citizens Nat’l Bank of Leesburg, Fla., 433 So.2d 32, 33 (Fla. 5th DCA 1983).
In this case, the verification reflects it was not based on Lenth’s personal knowledge. Bay Gulf asks this court to construe the verification as if it were based on Lenth’s personal knowledge because the verification does not say it was based *530 on Lenth’s “information and belief’ but, rather, states it was based on Lenth’s “knowledge and belief.” However, we decline to impose such a construction because the fact that the verification included the word “belief’ indicates it was not based on Lenth’s personal knowledge. And, in fact, it is apparent from the record that Lenth could not state she had personal knowledge of the loan documents in question. The qualified verification here fails to meet the requirements of rule 1.510(e) and, therefore, should not have been considered by the trial court on a motion for summary judgment. See Thompson, 433 So.2d at 33.
Reversed and remanded.
WALLACE and KHOUZAM, JJ., Concur.