WALLACE, Judge.
Joe DiSalvo, III, and Elizabeth Ann Di-Salvo challenge the entry of a summary judgment resulting in a final judgment of foreclosure. Because the mortgagee, Sun-Trust Mortgage, Inc., failed to present competent evidence that it provided the DiSalvos with the requisite notice and an opportunity to cure the default before the acceleration of the mortgage debt, we reverse.
In July 2009, SunTrust filed a complaint seeking to foreclose a mortgage made by the DiSalvos. Paragraph 9 of the complaint contained a general allegation that all of the conditions precedent to the acceleration of the mortgage had been performed. Soon after, SunTrust filed a *439 motion for final summary judgment of foreclosure.
In their answer, the DiSalvos denied paragraph 9 of the complaint. The answer recited the terms of the mortgage contract contained in Section 22, which provided that the lender was required to give notice to the borrower before acceleration and that the notice must specify the default, the action required to cure the default, and a date final for cure of the default. The notice must also inform the borrower that the failure to cure the default before the specified date could result in acceleration or foreclosure. In addition, Section 22 provided that the notice must inform the borrower of the right to reinstate the mortgage after acceleration and the right to assert the nonexistence of default or any other defense in a subsequent foreclosure proceeding. The DiSalvos denied that they had received the required notice and alleged that SunTrust had not complied with any of the conditions precedent expressed in Section 22 of the mortgage. The DiSalvos’ affirmative defense # 5 contained essentially the same language as the denial paragraph in their answer.
In January 2010, SunTrust filed a copy of a default letter with the trial court and simultaneously moved to strike the DiSal-vos’ affirmative defenses. With regard to the DiSalvos’ fifth affirmative defense, SunTrust’s motion alleged:
Defendant was served with this complaint on July 24, 2009. Plaintiff served its notice of the default and the amount owed under the subject note and mortgage more than 30 days from the date the complaint was served as evidenced by a copy of the letter filed under separate cover.
On November 30, 2010, the trial court granted SunTrust’s motion to strike the DiSalvos’ affirmative defenses without a hearing. In April 2011, the DiSalvos moved for leave to file an amended answer and affirmative defenses, but the motion was never set for a hearing. On May 12, 2011, the trial court held a hearing on SunTrust’s motion for summary judgment. After the hearing, the trial court granted SunTrust’s motion for summary judgment and subsequently entered a final judgment of foreclosure.
We conclude that the trial court erred in granting summary judgment and in entering a final judgment of foreclosure for two reasons. First, a mortgagee’s right to the security for a mortgage is dependent upon its compliance with the terms of the mortgage contract, and it cannot foreclose until it has proven compliance. See F.A. Chastain Constr., Inc. v. Pratt, 146 So.2d 910, 913 (Fla. 3d DCA 1962). But the filing of a copy of the default notice by SunTrust, without proper authentication, failed to prove such compliance:
The unauthenticated copies of default letters purportedly sent to Bryson by BB & T were insufficient for summary judgment purposes because only competent evidence may be considered in ruling on a motion for summary judgment.
... In this case, the letters at issue were not admitted by the pleadings, nor were they accompanied by an affidavit of a record custodian or other proper person attesting to their authenticity or correctness.
Bryson v. Branch Banking & Trust Co., 76 So.3d 783, 786 (Fla. 2d DCA 2011) (citations omitted); see also Finnegan v. Deutsche Bank Nat’l Trust Co., 96 So.3d 1093, 1094 (Fla. 4th DCA 2012) (‘While the bank filed copies of letters allegedly sent to her, these were not sworn and could not be considered on a motion for summary judgment.”); Morrison v. U.S. Bank, N.A., 66 So.3d 387, 387 (Fla. 5th DCA 2011) (holding that the' bank’s filing of an unau *440 thenticated notice letter failed to support summary judgment where the defendant asserted she had not received a notice of default); Bifulco v. State Farm Mut. Auto. Ins. Co., 693 So.2d 707, 709 (Fla. 4th DCA 1997) (“Merely attaching documents which are not ‘sworn to or certified’ to a motion for summary judgment does not, without more, satisfy the procedural strictures inherent in Fla. R. Civ. P. 1.510(e).”). In this case, at the hearing on its motion for summary judgment, SunTrust argued that the notice it had filed was sufficient and “meets its burden as far as Paragraph 22” (referring to section 22 of the mortgage contract). This statement was incorrect, and the trial court’s reliance on the unauthenticated copy of the notice as evidence supporting summary judgment was error.
Second, the trial court erred in finding that no issues of material fact remained which would prevent it from granting Sun-Trust’s motion for summary judgment. At the hearing, counsel for SunTrust argued as follows:
Furthermore, there is no answer and affirmative defenses in this case as of right now. His affirmative defenses have been stricken since November. There is no affidavit from the defense counsel or from his — from the borrower stating these things. The only evidence before the Court at this motion for summary judgment is the affidavit of indebtedness from the bank. The original note has been filed. A copy of the mortgage was filed with the complaint. We also supplemented with the original mortgage....
... There’s [sic] no issues as to standing. There’s [sic] no issues before the Court whatsoever.
The trial court agreed and announced that it would grant summary judgment. But despite the striking of the DiSalvos’ affirmative defenses, the argument that there were no issues before the court at the time of the hearing on SunTrust’s motion was wrong. The trial court only struck the DiSalvos’ affirmative defenses; it did not strike their denials of the allegations of the complaint. Moreover, the DiSalvos’ denial of paragraph # 9 of the complaint was made with sufficient specificity and particularity to comply with Florida Rule of Civil Procedure 1.120(c) (“A denial of performance or occurrence [of a condition precedent] shall be made specifically and with particularity.”). See Frost v. Regions Bank, 15 So.3d 905, 906 (Fla. 4th DCA 2009) (holding that the bank failed to prove that the Frosts’ defense of lack of notice and opportunity to cure was legally insufficient, despite the omission by the Frosts— unlike in the instant case — to cite specifically the language from the mortgage in their answer to the complaint).
On appeal, SunTrust also argues, as it did at the summary judgment hearing, that “[t]he [Property Owners] ... did not make a showing in support of their claim as they failed to file any affidavits and/or other materials in opposition to the [motion for summary judgment].” This argument misses the mark because there is no requirement for a party to file a competing affidavit or any other “materials” to defeat a motion for summary judgment. See Cerron v. GMAC Mortg., LLC, 93 So.3d 456, 457 (Fla. 2d DCA 2012):
GMAC maintains that Cerrón had the burden to file an affidavit stating that he never received a notice of default, at which point GMAC would have been required to refute the contention with contrary evidence. That is incorrect. A plaintiff moving for summary judgment must either conclusively refute the factual bases for the defendant’s affirmative defenses or show that the defenses are legally insufficient.... [W]hen Cer-rón alleged GMAC’s failure to provide a *441 contractually required notice of default, GMAC’s burden on summary judgment was to show that it had satisfied this condition precedent. It failed to do so.
See also Frost, 15 So.3d at 906 (holding that the defendants’ argument that the bank had failed to address their affirmative defense of lack of notice was sufficient to counter the bank’s motion for summary judgment, despite the failure of the defendants to file any papers or affidavits in opposition).
Accordingly, because the copy of the notice-of-default letter did not constitute admissible evidence and because the Di-Salvos’ answer was legally sufficient to dispute SunTrust’s allegation that all conditions precedent had been met, a genuine issue of material fact remained preventing the entry of summary judgment.
Reversed and remanded for further proceedings.
CASANUEVA and MORRIS, JJ., Concur.