NELSON, D.S., Associate Judge.
In this medical malpractice action, the parties raise three issues on appeal, two of which merit discussion and reversal— whether the trial court properly interpreted section 766.205(4), Florida Statutes (2010), concerning admissibility of pre-suit affidavits, and whether those affidavits established a genuine issue of material fact precluding summary judgment in this case.
This case involves the alleged wrongful death of Brandon Scalice, who died two days after birth from contracting Group B Streptococcus. The personal representative of Brandon’s estate filed a medical malpractice claim against Orlando Regional Healthcare System and a number of its medical personnel and agents (collectively, “Orlando Health”), as well as the Nemours Foundation and two of its physicians, alleging that Brandon contracted the streptococcus and ultimately died as a result of their negligence.
Orlando Health filed a motion for summary judgment. In support, it attached expert affidavits of: Dr. David Soper, a board certified obstetrician and gynecologist; and, Dr. Jeffrey Brosco, a board certified pediatrician. In opposition to the motion, the Estate filed the affidavits of Dr. Arie Leon Alkalay and Dr. Frank Bot-tiglieri, both of which were originally obtained for pre-suit investigation purposes.
At the summary judgment hearing, Orlando Health argued that the Estate’s affidavits were not admissible in the summary judgment proceeding because they were the same affidavits used in the Estate’s pre-suit investigation. The trial court agreed and rendered its order granting summary judgment stating, “Since the pre-suit Affidavits submitted by Plaintiff in opposition to the Motion for Summary Judgment are inadmissible, Plaintiff has failed to produce any evidence that any alleged deviation was the direct and proximate cause of the death of Brandon Scal-ice.”
Summary judgment is proper only where no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law. Fla. R. Civ. P. 1.510(c); Volusia Cnty. v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla.2000). Statutory interpretation is a question of law and the standard of review governing a trial court’s ruling on a summary judgment motion posing a pure question of law is de novo. Major League Baseball v. Morsani, 790 So.2d 1071, 1074 (Fla.2001); Rameses, Inc. v. Demings, 29 So.3d 418, 420 (Fla. 5th DCA 2010).
At the summary judgment hearing, Orlando Health relied on the affidavits of Dr. David Soper, who opined that Orlando Health met the appropriate standard of care in the care and treatment of Sharri Scalice (Brandon’s mother), and Dr. Jeffrey Brosco, who opined that Orlando Health met the appropriate standard of care in the care and treatment of Brandon and that “the alleged acts or omissions of the above referenced Defendants were not the proximate cause of Brandon Scalice contracting Group B. Strep.”
The Estate relied on the affidavits of Dr. Alkalay, a physician board certified in pediatric and neonatal-perinatal medicine, who opined that Orlando Health breached the appropriate standard of care in its treatment of Brandon, and Dr. Bottiglieri, a board certified obstetrician and gynecologist, who opined that Orlando Health breached the appropriate standard of care in its care and treatment of both Sharri and Brandon Scalice and that Orlando Health’s breach resulted in Brandon contracting Group B Streptococcus and his death, which were both foreseeable and preventable.
*217 The trial court refused to consider the Estate’s pre-suit affidavits based on section 766.205(4), which provides, in pertinent part: “No statement, discussion, written document, report, or other work product generated solely by the pre-suit investigation process is discoverable or admissible in any civil action for any purpose by the opposing party.” We agree with the Estate that the trial court misinterpreted the statute. The plain language of section 766.205(4) only precludes “the opposing party” from admitting pre-suit documents; it does not preclude a party from using its own pre-suit documents. For this reason, Orlando Health’s reliance on Cohen v. Dauphinee, 739 So.2d 68 (Fla.1999), is unavailing as that case involved a defendant attempting to introduce the plaintiffs pre-suit affidavit to impeach the plaintiffs expert during trial. Clearly, that use is prohibited by section 766.205(4). Here, on the other hand, the Estate sought to utilize its own pre-suit affidavits. Accordingly, we conclude that the trial court erred in refusing to consider the Estate’s pre-suit affidavits filed in opposition to summary judgment.
The court next addresses whether the pre-suit affidavits sufficiently refuted Orlando Health’s claim of lack of proximate cause. In particular, after opining that Orlando Health breached the standard of care owed to both Sharri and Brandon Scalice, Dr. Bottiglieri concluded: “Consequently, Brandon Scalice was infected with Group B Streptococcus and that the infection could not be controlled, ultimately resulting in his death, which were both foreseeable and easily preventable.” Thus, the Estate presented evidence that created a genuine issue of material fact concerning whether Orlando Health’s breach of the standard of care proximately caused Brandon’s death. Because the Estate’s affidavits contradict Orlando Health’s assertions of lack of breach and lack of causation, questions of fact exist precluding summary judgment.
We reverse the order granting summary judgment in favor of Orlando Health and remand this cause for a trial on the merits.
REVERSED and REMANDED.
ORFINGER and BERGER, JJ., concur.