# Third District Court of Appeal

## State of Florida

Opinion filed September 3, 2014.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D13-2240
Lower Tribunal No. 11-23031
_____


**Carmen A. Ramos, et al.,**
Appellants,

vs.

**Citimortgage, Inc.,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Marvin H. Gillman, Judge.

Robert Flavell, P.A., and Robert Flavell, for appellants.

Akerman LLP, and Nancy M. Wallace and Kristen M. Fiore (Tallahassee); Akerman LLP, and William P. Heller (Fort Lauderdale), for appellee.

Before SALTER, EMAS and SCALES, JJ.

SCALES, J.

The Ramoses, Defendants below, appeal a final summary judgment of foreclosure in favor of CitiMortgage, Plaintiff below. We reverse because the summary judgment evidence did not rebut the Ramoses' affirmative defenses, which alleged they had not received a default notice and that the default notice allegedly sent by CitiMortgage was not properly delivered as required by the express provisions of its mortgage.

## I.    Facts

Defendant, Carmen Ramos, executed a promissory note in favor of CitiMortgage in August 2005.  The note was secured by a mortgage encumbering property in Miami, Florida.

When Mrs. Ramos defaulted on her loan in April 2009, CitiMortgage brought the instant foreclosure action; a copy of the note and mortgage was attached to CitiMortgage's complaint.

Pursuant to Paragraph 22 of the mortgage, CitiMortgage was required to send Mrs. Ramos written default notice prior to accelerating the amounts due under the note and foreclosing on the mortgage.  The mortgage provides for specific information to be included in the default notice, such as notice of the default and how and when the default can be cured.

Pursuant to Paragraph 15 of the mortgage, all notices sent by first class mail are required to be sent to the address of the mortgaged property unless the

borrower has provided CitiMortgage with an alternate address. Alternatively, Paragraph 15 allows CitiMortgage to comply with the notice requirements, other than via first class mail, by actually delivering such notices to the property address.

The Ramoses filed a motion to dismiss CitiMortgage's foreclosure complaint, alleging, among other things, that CitiMortgage had failed to comply with an express condition precedent to filing the lawsuit. Specifically, citing the relevant language of the mortgage, the Ramoses argued that CitiMortgage had failed to send the required default notice to Mrs. Ramos at the mortgaged property address.

After the motion to dismiss was denied, the Ramoses filed their answer and affirmative defenses. The Ramoses denied CitiMortgage's allegation that all conditions precedent had been performed. Also, the Ramoses asserted, as an affirmative defense, that CitiMortgage failed to deliver the required default notice to Mrs. Ramos, and therefore had not complied with a condition precedent to foreclosure. The Ramoses also asserted they never received the default notice.

CitiMortgage filed a reply to the affirmative defenses, attaching a copy of the default notice it purportedly had mailed to Mrs. Ramos in October 2010. This default notice indicated it had been mailed to a post office box in Coral Gables, Florida, rather than to the mortgaged property address.

CitiMortgage then filed a motion for summary judgment. CitiMortgage's summary judgment motion was supported by two affidavits, one of which attached a copy of the October 2010 default notice. The Ramoses filed no affidavits or other summary judgment evidence.

At the summary judgment hearing, the Ramoses argued that CitiMortgage had failed to establish an absence of a genuine issue of fact, i.e., that CitiMortgage had complied with the mortgage's default notice requirements. The trial court disagreed and entered final summary judgment of foreclosure for CitiMortgage. We reverse.

## II.     Analysis

We review a trial court's entry of a final summary judgment *de novo*. Volusia Cnty. v. Aberdeen at Ormond Beach, L.P., 760 So. 2d 126, 130 (Fla. 2000); Rodriguez v. Sec. Nat'l Ins. Co., 138 So. 3d 520, 522 (Fla. 3d DCA 2014). For a plaintiff to be entitled to a summary judgment, the plaintiff must establish that no genuine issue of material fact exists. Muñoz Hnos, S.A. v. Editorial Televisa Int'l, S.A., 121 So. 3d 100, 103 (Fla. 3d DCA 2013). Additionally, the summary judgment evidence must disprove all affirmative defenses raised by the defendant. GMT Constr., Inc. v. Gulfside Supply, Inc., 116 So. 3d 515, 517 (Fla. 3d DCA 2013) ("[W]here affirmative defenses are plead [sic], the movant for summary judgment is similarly burdened and must conclusively refute the

4

affirmative defenses." (citing Calarese v. Weissfisch, 87 So. 3d 1225, 1227 (Fla. 3d DCA 2012))).

Where, as here, a mortgage contains a provision which specifically requires a default notice be sent to the borrower prior to foreclosure, and the defendant expressly pleads both that (a) the plaintiff has failed to comply with such condition precedent to foreclosure, and (b) the defendant has not received the notice, for the trial court to enter summary judgment, the plaintiff must establish—through summary judgment evidence—either that (1) the plaintiff complied with the mortgage documents' notice provisions, or (2) the defendant received the default notice. See DiSalvo v. SunTrust Mortg., Inc., 115 So. 3d 438, 439-40 (Fla. 2d DCA 2013) (citing Morrison v. U.S. Bank, N.A., 66 So. 3d 387, 387 (Fla. 5th DCA 2011) (concluding the bank's filing of an unathenticated notice letter did not support summary judgment where the defendant asserted she had not received a notice of default)); Bryson v. Branch Banking & Trust Co., 75 So. 3d 783 (Fla. 2d DCA 2011) (reversing grant of summary judgment where the plaintiff asserted affirmative defense that bank had not complied with condition precedent and nothing established bank gave homeowner notice of default as required by the mortgage).

In this case, because the Ramoses' affirmative defenses alleged that CitiMortgage failed to comply with conditions precedent and that they had not

5

received the required default notice, the summary judgment evidence had to conclusively disprove those allegations. See GMT Constr., Inc., 116 So. 3d at 517.

While CitiMortgage's affidavit attached a copy of the default notice mailed to Mrs. Ramos, the default notice was addressed to a post office box in Coral Gables, rather than the address of the mortgaged property as required in the mortgage. There was no summary judgment evidence indicating that the Ramoses provided the alternative address to CitiMortgage as contemplated in Paragraph 15 of the Mortgage. Alternatively, there was no record evidence that the Ramoses had actually received the default notice. Hence, CitiMortgage did not meet its burden to disprove the Ramoses' affirmative defenses so as to be entitled to summary judgment.

CitiMortgage also argues that CitiMortgage should be excused from complying with the default notice condition precedent required by its mortgage because such compliance would have been futile. CitiMortgage asserts that if the Ramoses were unable to meet their monthly note obligation of around $2000, they certainly would not have been able to cure the default by paying the almost $58,000 in accrued amounts due under the note.

While CitiMortgage's argument might have practical merit, the trial court obviously never reached the "futility" issue, and, on this record, we certainly are

unable to conclude, as a matter of law, that sending the required default notice to the Ramoses as required by the mortgage would have been a futile gesture.

### III.    Conclusion

Accordingly, we reverse the final judgment of foreclosure and remand the case for proceedings consistent with this opinion.