IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

KATHLEEN HARPER,

      Appellant,

v.

HSBC BANK USA, NATIONAL
ASSOC. AS TRUSTEE FOR
WELLS FARGO HOME
EQUITY ASSET BACKED
CERTIFICATES, SERIES 2005-
4, ET AL.,

      Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D13-3403

Opinion filed October 23, 2014.

An appeal from the Circuit Court for Duval County.
Charles O. Mitchell, Jr., Judge.

Douglas Bradford Hughes of Lindell & Farson, P.A., Jacksonville, for Appellant.

Dean A. Morande and Michael K. Winston, and Maryellen Michelle Farrell of Carlton Fields Jorden Burt, West Palm Beach, and Suzanna M. Johnson, Tampa, for Appellee.

PER CURIAM.

      In this foreclosure-related appeal, Appellant Kathleen Harper asserts that

summary judgment should not have been entered against her because Appellee

HSBC Bank USA failed to establish the absence of a genuine issue of material fact and to refute one of her affirmative defenses. We agree and reverse.

In moving for summary judgment below, the Bank had the burden to show the absence of any genuine issue of material fact and to refute Ms. Harper's legally sufficient affirmative defenses. See, e.g., Lindsey v. Wells Fargo Bank, N.A., 139 So. 3d 903, 906 (Fla. 1st DCA 2013). In this case, Ms. Harper executed a mortgage and note with the Bank that required the Bank to notify her of a default prior to accelerating her loan or foreclosing on her property; to specify how she could cure the default; and to provide at least a 30-day period to cure. Courts have recognized similar notice provisions preclude the entry of summary judgment where a bank's complaint, motion for summary judgment, and affidavits fail to refute a defendant's assertion of not being given the requisite notice and opportunity to cure. See, e.g., Ramos v. Citimortgage, Inc., 39 Fla. L. Weekly D1861 (Fla. 3d DCA 2014); Patel v. Aurora Loan Servs., LLC, 39 Fla. L. Weekly D840 (Fla. 4th DCA 2014); DiSalvo v. SunTrust Mortg., Inc., 115 So. 3d 438, 441 (Fla. 2d DCA 2013).

In this case, Ms. Harper's Answer to the Complaint "Specifically Denied" the bank's allegation that it had satisfied "[a]ll conditions precedent to the acceleration of the Mortgage Note and foreclosure" because she had not received the notice of default and right to cure as called for by the parties' agreement. Ms.

2

Harper separately asserted an affirmative defense that the Bank "failed to comply with the notice of default and right to cure provisions of the promissory note."[1]

The Bank filed a motion for summary judgment that effectively ignored these issues. Its motion broadly asserted that no genuine issues of material fact existed and that Ms. Harper's affirmative defenses were legally insufficient to preclude summary judgment. The only proof offered by the Bank relative to whether it had complied with its notice and cure obligations prior to foreclosing and accelerating the debt was a letter attached to the Bank's initial Complaint notifying Ms. Harper that all sums due *had already been* accelerated. The letter— dated just eight days before that Complaint was filed—did not indicate that Ms. Harper had been provided notice, nor the cure period called for by the parties' earlier agreement. And thus, the letter does not show that the Bank complied with

---

[1] For a few reasons, we reject the Bank's assertion that Ms. Harper waived the argument raised in this appeal by not referring to "the Mortgage" in her affirmative defense. First, while it is true that Ms. Harper framed her affirmative defense in terms of the notice of default and right to cure provisions of "the promissory note," the terms of the Note expressly incorporate the Mortgage as to "how and under what conditions [Ms. Harper] may be required to make immediate payment." Because these terms of the Mortgage are incorporated into the Note, no separate reference to the Mortgage's default and cure terms was needed. Second, the Bank failed to assert a waiver argument below in response to Ms. Harper's Mortgage-focused arguments. Instead, it argued against rehearing on the basis that the court had already heard Ms. Harper's Mortgage-related arguments at the summary judgment hearing and rejected them. Finally, Ms. Harper's Answer to the Complaint asserted other denials on the basis that proper notice and a right to cure had not been provided, which precludes summary judgment because genuine issues of material fact still exist in this case.

the terms of its agreement with Ms. Harper, nor refute her affirmative defense and other denials of the Bank's factual allegations. See DiSalvo, 115 So. 3d at 439 ("[A] mortgagee's right to the security for a mortgage is dependent upon its compliance with the terms of the mortgage contract, and it cannot foreclose until it has proven compliance."). Because the Bank did not show the absence of a genuine issue of material fact, nor negate Ms. Harper's affirmative defenses regarding the notice and cure issues, it was error for summary judgment to be entered against her. See also Kurian v. Wells Fargo Bank, Nat. Ass'n, 114 So. 3d 1052 (Fla. 4th DCA 2013) (reversing summary judgment because the bank did not establish that notice and cure requirements were satisfied by attaching a letter dated six days before the complaint was filed, which indicated that acceleration had already occurred).

Accordingly, we reverse the trial court's order of summary judgment, vacate the final judgment entered for the Bank, and remand for further proceedings.

REVERSED AND REMANDED.

THOMAS, RAY, and OSTERHAUS, JJ., CONCUR.