LAMBERT, J.
Cristobal Colon (“Colon”) appeals the summary final judgment of mortgage foreclosure entered in favor of JP Morgan Chase Bank, N.A. (“Bank”). He argues that the court erred in entering the summary final judgment because no competent evidence was presented to refute his affirmative defense that Bank failed to satisfy the notice requirement of paragraph 22 of the mortgage. We agree and reverse.
In January 2013, Bank filed a verified amended complaint, seeking to foreclose a mortgage executed by Colon. Paragraph seven of the amended complaint contained a general allegation that “all of the conditions precedent to the filing of this action have been performed or have occurred.” Colon filed an answer generally denying this allegation 'and additionally asserting as his second affirmative defense that:
[Bank] is precluded from obtaining relief due to the fact that it has failed to satisfy all conditions precedent. Specifically, [Bank] has failed to comply with the notice requirements contained in paragraphs 15 and 22 of the mortgage and the notice requirements contained in the note prior to accelerating the loan and instituting a foreclosure action against defendants. Defendants specifically deny receiving any demand, breach and/or acceleration letter from plaintiff, its servicers, agents and/or employees.
Paragraph 22 of the mortgage creates a condition precedent that Bank must satisfy prior to accelerating the loan and commencing the foreclosure action. Samaroo v. Wells Fargo Bank, 137 So.3d 1127 (Fla. 5th DCA 2014). Paragraph 22 of the mortgage provides:
Acceleration; remedies. Lender shall give notice to borrower prior to acceleration following borrower’s breach of any covenant or agreement in this security instrument (but not prior to acceleration under section 18 unless applicable law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) the date not less than 30 days from the date the notice is given to borrower, by which the default must be cured; (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this security instrument, foreclosure by judicial proceeding and sale of the property. The notice shall further inform borrower of the right to reinstate after acceleration and the right to assert in the foreclosure proceeding the non-existence of a default or any other defense of borrower to acceleration and foreclosure. If the default is not cured on or before *197 the date specified in the notice, lender at its option may require immediate payment in full of all sums secured by this security instrument without further demand and may foreclose this security instrument by judicial proceeding. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this section 22, including, but not limited to, reasonable attorney’s fees and costs of title evidence.
In July 2013, Bank filed a motion for summary judgment together with an affidavit of indebtedness establishing that Colon defaulted on his mortgage obligations and the amounts then due and owing under the note and mortgage. However, in its motion and affidavit, Bank did not respond to Colon’s affirmative defense of the lack of the condition precedent, and Bank did not attach to its affidavit a copy of an acceleration letter. Addressing this affirmative defense at the summary judgment hearing, Bank argued: (1) the verified amended complaint signed under oath by its designated representative specifically alleged that it complied with all conditions precedent; (2) the affirmative defense was insufficiently pleaded; and (3) Colon had not filed an affidavit in opposition to the motion for summary judgment. Colon countered that as there was no summary judgment evidence “authenticating the breach letter,” he was not obligated to file an affidavit in opposition. Colon is correct.
The standard of review of a trial court’s entry of a summary final judgment is de novo. Volusia Cnty. v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla.2000); Gee v. U.S. Bank Nat’l Ass’n, 72 So.3d 211, 213 (Fla. 5th DCA 2011). When reviewing a ruling on summary judgment, an appellate court must examine the record in the light most favorable to the nonmoving party. Suarez v. City of Tampa, 987 So.2d 681, 682 (Fla. 2d DCA 2008). Summary judgment cannot be granted unless the pleadings, depositions, answers to interrogatories, and admissions on file together with affidavits, if any, conclusively show that there is “no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” Fla. R. Civ. P. 1.510(c). The party moving for summary judgment has the burden of showing the nonexistence of a genuine issue of material fact. Holl v. Talcott, 191 So.2d 40, 43 (Fla.1966). If affirmative defenses have been raised, the moving party must also either factually refute the affirmative defenses or establish that they are legally insufficient. See Pavolini v. Williams, 915 So.2d 251, 253 (Fla. 5th DCA 2005) (quoting The Race, Inc. v. Lake & River Recreational Props., Inc., 573 So.2d 409 (Fla. 1st DCA 1991)).
Initially, we reject Bank’s argument that Colon’s affirmative defense was insufficiently pleaded. Florida Rule of Civil Procedure 1.120(c) requires that a denial of conditions precedent “shall be made specifically and with particularity.” The purpose of the rule is “to put the burden on the defendant to identify the specific condition that the plaintiff failed to perform — so that the plaintiff may be prepared to produce proof or cure the omission, if it can be cured.” Godshalk v. Countrywide Home Loans Servicing, L.P., 81 So.3d 626, 626 (Fla. 5th DCA 2012). Bank argues that the affirmative defense was legally insufficient because Colon “specifically denied receiving any demand, breach and/or acceleration letter” and the mortgage did not require it to prove that Colon received the breach or acceleration letter. However, Colon also specifically pleaded, in his second affirmative defense, that Bank failed to comply with the notice requirements contained in paragraphs 15 and 22 of the mortgage. We agree with *198 the Second District Court of Appeal that this affirmative defense was pleaded sufficiently. See, e.g., DiSalvo v. SunTrust Mortg., Inc., 115 So.3d 438, 439-41 (Fla. 2d DCA 2013) (stating that the defendant’s denial “that they had received the required notice and allegation] that SunTrust had not complied with any of the conditions precedent expressed in Section 22 of the mortgage ... was legally sufficient to dispute SunTrust’s allegations that all conditions precedent had been met”).
There was some dispute in the record whether the acceleration letter had been provided to Colon either during discovery or at the summary judgmént hearing. However, it is undisputed that Bank never filed an authenticated copy of the letter pursuant to Florida Rule of Civil Procedure 1.510(c), which requires the movant to serve at least 20 days before the time fixed for the hearing all summary judgment evidence on which the movant relies. “Unauthenticated documents cannot be used in support of a motion for summary judgment.” Green v. JPMorgan Chase Bank, N.A., 109 So.3d 1285, 1288 n. 2 (Fla. 5th DCA 2013); see also DiSalvo, 115 So.3d at 440; Morrison v. U.S. Bank, N.A., 66 So.3d 387, 387 (Fla. 5th DCA 2011) (holding that the bank’s filing of an unauthenticated notice letter failed to support summary judgment where the defendant asserted she had not received a notice of default); Bryson v. Branch Banking & Trust Co., 75 So.3d 783, 786 (Fla. 2d DCA 2011) (“The unauthenticated copies of default letters purportedly sent to Bryson by BB & T were insufficient for summary judgment purposes because only competent evidence may be considered in ruling on a motion for summary judgment.”); Bifulco v. State Farm Mut. Auto. Ins. Co., 693 So.2d 707, 709 (Fla. 4th DCA 1997) (“Merely attaching documents which are not ‘sworn to or certified’ to a motion for summary judgment does not, without more, satisfy the procedural strictures inherent in Fla. R. Civ. Proc. 1.510(e).”).
Bank’s argument on appeal that the summary final judgment should be affirmed because Colon did not raise a genuine issue of material fact since he failed to submit any competent evidence in response to the summary judgment motion also misses the mark. A party opposing a motion for summary judgment has no initial obligation to submit affidavits or proof to establish its affirmative defenses. Stop & Shoppe Mart, Inc. v. Mehdi, 854 So.2d 784, 786 (Fla. 5th DCA 2003). It is only when the party moving for summary judgment has properly met its burden of proof demonstrating the nonexistence of a genuine issue of material fact that the opposing party is then obligated to prove the existence of an issue of material fact. Lindsey v. Cadence Bank, N.A., 135 So.3d 1164, 1167 (Fla. 1st DCA 2014) (stating that “if the moving party meets its burden of proof, it is ‘incumbent upon the party against whom the judgment is sought to demonstrate, by affidavit or otherwise, the existence of an issue of material fact in order to avoid having a summary judgment rendered against him’ ” (quoting Connell v. Sledge, 306 So.2d 194, 196 (Fla. 1st DCA 1975))). Because Bank failed to meet its burden of proof to factually refute the affirmative defense or establish that it was legally insufficient, Colon had no obligation to submit competent evidence in opposition to Bank’s motion for summary judgment.
Finally, Bank argues that its verified complaint was sufficient to prove it complied with paragraph 22 of the mortgage. Florida Rule of Civil Procedure 1.110 provides:
When filing an action for foreclosure of mortgage on residential real property, the complaint shall be verified. When *199 the verification of a document is required, the document filed shall include an oath, affirmation, or the following statement:
“Under penalty of perjury, I declare that I have read the foregoing, and the facts alleged therein are true and correct to the best of my knowledge and belief.”
Fla. R. Civ. P. 1.110(b). Bank’s amended complaint was verified consistent with this rule, and paragraph seven of Bank’s amended complaint stated generally that “all conditions precedent to the filing of this action have been performed or have occurred.” Nevertheless, we conclude that Bank’s verified complaint was insufficient to prove that it complied with paragraph 22 of the mortgage because it did not satisfy the requirements of Florida Rule of Civil Procedure 1.510(e). As stated in Lindgren v. Deutsche Bank National Trust Co., 115 So.3d 1076 (Fla. 4th DCA 2013):
While a verified complaint may serve the same purpose as an affidavit for purposes of a summary judgment, the complaint’s allegations must meet the requirements of the rule governing, supporting and opposing affidavits. See Ballinger v. Bay Gulf Credit Union, 51 So.3d 528, 529 (Fla. 2d DCA 2010). Florida R. Civ. P. 1.510(e) requires that affidavits must be based upon personal knowledge and shall “show affirmatively that the affiant is competent to testify to the matters stated therein.” A complaint based on “information and belief’ and not personal knowledge, is insufficient. Id. Here, the complaint was not based upon personal knowledge and was insufficient to meet the requirements of the rule.
115 So.3d at 1076. The verified amended complaint filed by Bank was similarly insufficient for summary judgment purposes.
Assuming the acceleration letter in the instant case exists, in order to factually refute Colon’s affirmative defense, Bank needed only to have a competent witness execute a legally sufficient affidavit authenticating the letter, attach the letter to the affidavit, and then timely file the affidavit. This burden of proof is not unusual or demanding. For example, at trial, to establish its entitlement to foreclosure, Bank would have been required to present a competent witness to authenticate the acceleration letter prior to it being admitted into evidence.[1] Here, Bank simply failed to provide competent summary judgment evidence in order to meet its burden to prove the non-existence of the disputed issue of material fact, namely, whether it had complied with paragraph 22 of the mortgage. See Dominko v. Wells Fargo Bank, N.A., 102 So.3d 696, 698 (Fla. 4th DCA 2012) (“Although Wells Fargo made the general allegation in its complaint that all conditions precedent to the foreclosure action had occurred, there was no evidence in the record that Wells Fargo complied with paragraph twenty-two of the mortgage.”). Accordingly, we reverse the summary final judgment and remand this case for further proceedings.
REVERSED and REMANDED.
ORFINGER and BERGER, JJ., concur.

. See Kelsey v. SunTrust Mortg. Inc., 131 So.3d 825, 826 (Fla. 3d DCA 2014) ("To establish its entitlement to foreclosure, Sun-Trust needed to introduce the subject note and mortgage, an acceleration letter, and some evidence regarding the Kelseys’ outstanding debt on the note.”).