IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CHRISTOPHER GALLOWAY, ETC., ET AL.,

      Appellants,

 v.                                                                          Case No. 5D14-2878

SUNTRUST BANK, ET AL.,

      Appellees.

_____/

Opinion filed February 24, 2017

Appeal from the Circuit Court
for Orange County,
Charles N. Prather, Senior Judge.

Michael E. Rodriguez, of Foreclosure
Defense Law Firm, P.L., Tampa, for
Appellants.

Charles P. Gufford, of McCalla Raymer,
LLC, Orlando, for Appellee, SunTrust
Bank.

No Appearance for other Appellees.

PER CURIAM.

      Christopher M. Galloway and Carmen E. Galloway appeal the final judgment of

foreclosure entered by the trial court in favor of SunTrust Bank (SunTrust) after the trial

court granted SunTrust's motion for summary judgment. The Galloways argue that

SunTrust failed to conclusively show that there was no genuine issue of material fact as

to whether SunTrust complied with the condition precedent to acceleration and foreclosure in paragraph 22 of the mortgage requiring thirty days' notice prior to acceleration of the loan.  We agree and reverse.

To establish its right to foreclose in its summary judgment motion, SunTrust was required to, among other things, show it complied with the condition precedent in paragraph 22 of the mortgage.  DiSalvo v. SunTrust Mortg., Inc., 115 So. 3d 438, 439 (Fla. 2d DCA 2013) (citing F.A. Chastain Constr., Inc. v. Pratt, 146 So. 2d 910, 913 (Fla. 3d DCA 1962)).  In support of its motion, SunTrust filed an affidavit of indebtedness; however, the affidavit did not address the acceleration letter.  As such, the acceleration letter was unauthenticated and could not be used to support SunTrust's motion for summary judgment.  See Colon v. JP Morgan Chase Bank, NA, 162 So. 3d 195, 198 (Fla. 5th DCA 2015) (citing Green v. JPMorgan Chase Bank, N.A., 109 So. 3d 1285, 1288 n.2 (Fla. 5th DCA 2013)); Morrison v. U.S. Bank, N.A., 66 So. 3d 387, 387 (Fla. 5th DCA 2011) (holding that bank's filing of unauthenticated notice letter failed to support summary judgment where defendant denied receiving notice of default); Bryson v. Branch Banking & Tr. Co., 75 So. 3d 783, 786 (Fla. 2d DCA 2011) (finding unauthenticated copies of default letters purportedly sent to defendant by bank were insufficient for summary judgment purposes (citing Daeda v. Blue Cross & Blue Shield of Fla., Inc., 698 So. 2d 617, 618 (Fla. 2d DCA 1997))); Bifulco v. State Farm Mut. Auto. Ins. Co., 693 So. 2d 707, 709 (Fla. 4th DCA 1997) ("Merely attaching documents which are not 'sworn to or certified' to a motion for summary judgment does not, without more, satisfy the procedural strictures inherent in Fla. R. Civ. P. 1.510(e).").

In order to factually dispute Galloway's denial of SunTrust's compliance with paragraph 22 of the mortgage, SunTrust "needed only to have a competent witness execute a legally sufficient affidavit authenticating the letter, attach the letter to the affidavit, and then timely file the affidavit." Colon, 162 So. 3d at 199. Because it failed to do so, we are compelled to reverse the final judgment of foreclosure and remand for further proceedings.

REVERSED and REMANDED.

SAWAYA, BERGER and LAMBERT, JJ., concur.