BERGER, J.
*247 Appellants, Mario Vitelli[1] and Carol Bartholomew, individually and as Trustees of the Mario Vitelli and Carol Bartholomew Revocable Trust, Under Trust Dated November 5, 1997, appeal the final summary judgment granting Emil Hagger and Caroline Hagger, husband and wife, a statutory way of necessity[2] over their property. We reverse.
The facts are relatively simple. The Haggers filed a verified complaint asking the trial court to declare a statutory way of necessity over Appellants' property. They alleged that they own Parcel A and Parcel B and that Parcels A and B are separated by Parcel C, which is owned by Appellants. The Haggers further alleged that Parcel A is "either being used, or is desired to be used, for residential, agricultural, timber raising or cutting, or stock raising purposes," and that "[i]n conjunction with those uses, or desired uses, [the Haggers] intend to obtain, or continue, utility services, including, but not limited to, electricity, water, and telephone for Parcel A." They also asserted that "Parcel A is shut off or hemmed in by the properties of others so that no practicable route of ingress or egress is available therefrom to SE 141st Avenue Road, the dedicated right-of-way," that "[t]he closest practicable route between Parcel A and SE 141st Avenue Road would be across the 60' wide portion of Parcel C that separates Parcel A from Parcel B and then across Parcel B, which fronts on SE 141st Avenue Road," and that Appellants have refused to allow them access over the 60' wide portion of Parcel C.
In their answer, Appellants denied that Parcel A is shut off or hemmed in by the properties of others and denied that the closest practicable route between Parcel A and SE 141st Avenue Road runs across Parcel C. While Appellants admitted that they had denied the Haggers access over their property, they asserted that they were not obligated to do so, that their refusal was not unreasonable, and that they had not been compensated. Appellants alleged as an affirmative defense that the Haggers' lands were "not shut-off or hemmed-in in that there exists an implied easement over adjacent lands owned by persons or entities not joined in this action."
The Haggers moved for summary judgment, relying on their verified complaint as evidence and attaching affidavits to support their request for attorney's fees and costs and the market value of the easement. No evidence was admitted in opposition to the Haggers' summary judgment motion.[3]
The party moving for summary judgment has the burden of establishing that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Penton Bus. Media Holdings, LLC v. Orange Cty., 236 So.3d 495, 497 (Fla. 5th DCA 2018) (citing *248 Genuinely Loving Childcare, LLC v. Bre Mariner Conway Crossings, LLC, 209 So.3d 622, 624 (Fla. 5th DCA 2017) ). The movant can rely on the "pleadings, depositions, answers to interrogatories, and admissions on file, [in conjunction with] affidavits, if any, [to] conclusively show that there is no genuine issue [of] material fact and that the moving party is entitled to judgment as a matter of law." Helping Hand Private Found., Inc. v. Ocean Palms Beach Club, Inc., 77 So.3d 896, 897 (Fla. 5th DCA 2012) (citing Fla. R. Civ. P. 1.510(c) ; Alejandre v. Deutsche Bank Tr. Co. Ams., 44 So.3d 1288, 1289 (Fla. 4th DCA 2010) ). The trial court must consider the summary judgment evidence "in the light most favorable to the nonmoving party." Penton Bus. Media Holdings, 236 So.3d at 497 (citing Sierra v. Shevin, 767 So.2d 524, 525 (Fla. 3d DCA 2000) ). "[I]f the record raises the possibility of any genuine issue of material fact or 'even the slightest doubt that an issue might exist,' summary judgment is improper." Id. (quoting Lin v. Demings, 219 So.3d 124, 125 (Fla. 5th DCA 2017) ).
The burden to present evidence of a genuine issue of material fact does not shift to the opposing party until the moving party has initially shown that there is no genuine issue of material fact. Gay Bros. Constr. Co. v. Fla. Power & Light Co., 427 So.2d 318, 320 n.1 (Fla. 5th DCA 1983) (citing Landers v. Milton, 370 So.2d 368 (Fla. 1979) ); Colon v. JP Morgan Chase Bank, NA, 162 So.3d 195, 198 (Fla. 5th DCA 2015) (reiterating that moving party must demonstrate nonexistence of genuine issue of material fact before opposing party is required to prove existence of a genuine issue of material fact (citing Lindsey v. Cadence Bank, N.A., 135 So. 3d 1164, 1167 (Fla. 1st DCA 2014) ) ). Conclusory and self-serving testimony will not shift the burden to the opposing party. Craven v. TRG-Boynton Beach, Ltd., 925 So.2d 476, 480 (Fla. 4th DCA 2006) (citing Heitmeyer v. Sasser, 664 So.2d 358 (Fla. 4th DCA 1995) ).
Here, we conclude it was error to grant summary judgment based on the conclusory allegations in the verified complaint. While a verified complaint may be regarded as an affidavit in summary judgment proceedings, Colon, 162 So.3d at 199, the Haggers' verified complaint was insufficient for summary judgment purposes because it did nothing more than track the language of the statute. It did not articulate the planned use for Parcel A,[4] did not describe how Parcel A was "hemmed in," nor did it offer evidence in the form of photographs, maps, or surveys to substantiate its claim that the closest practical route between Parcel A and SE 141st Avenue Road was across Appellants' property. The verified complaint and accompanying affidavits also failed to negate Appellants' affirmative defense. See First Nat'l Entm't Corp. v. Brumlik, 531 So.2d 403, 405 (Fla. 5th DCA 1988) (concluding movant for summary judgment had burden to present evidence sufficient to negate or disprove any affirmative defense).
Although the Haggers assert that Appellants had the burden of bringing forward evidence to support their affirmative defense, "[a] party opposing a motion for summary judgment has no initial obligation to submit affidavits or proof to establish its affirmative defense[ ]." Colon, 162 So.3d at 198 (citing Stop & Shoppe Mart, Inc. v. Mehdi, 854 So.2d 784, 786 (Fla. 5th DCA 2003) ). The obligation to do so occurs once the movant has properly met its burden of demonstrating the nonexistence *249 of a genuine issue of material fact. Id. Because the Haggers failed to meet their initial burden, Appellants were not compelled to produce anything in opposition.
Based on the foregoing, we reverse the order granting final summary judgment and remand for further proceedings.[5]
REVERSED and REMANDED.
EDWARDS and HARRIS, JJ., concur.

Mario Vitelli died while this appeal was pending.

§ 704.01(2), Fla. Stat. (2017).

Dr. Bartholomew was allowed to read into the record the six genuine issues she had filed untimely, but the trial court stated it would not accept the document. Dr. Bartholomew also advised the trial court that she had photographs that would show ruts created by heavy trucks that entered and exited the Haggers' property using a road located on a third party's property. Again, this evidence was not considered.

At oral argument, for the first time, counsel for the Haggers indicated that Parcel A was used as a horse farm.

It was also improper for the trial court to award attorney's fees and costs because the Haggers failed to plead or prove that Appellants acted unreasonably by refusing to allow them access to the right of way across their property. See § 704.04, Fla. Stat. (2017) (providing for award of attorney's fees to either party for the "unreasonable refusal to comply with the provisions of s[ection] 704.01(2)").