IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CHERYL ANNE HEY AHMED, AS
PERSONAL REPRESENTATIVE OF
THE ESTATE OF W. ROBERT HEY,
AND MICHELLE HEY THOMAS,

     Appellants,

v.

MID FLORIDA DEVELOPMENT, LLC,
SHERIFF GUINDI, E. JOSEPH LECOMPTE, JR.,
AND EDWARD STAUDT,

     Appellees.

Case No.  5D20-2276
LT Case No. 2011-30599-CICI

_____/

Opinion filed August 5, 2022

Appeal from the Circuit Court
for Volusia County,
Leah R. Case, Judge.

John S. Norton, Jr.,  of  John S.
Norton, Jr., P.A., Daytona Beach, for
Appellants.

Christopher V. Carlyle, of The
Carlyle Appellate Law Firm, Orlando,
for Appellees.

WALLIS, J.

Cheryl Anne Hey Ahmed (Ahmed), as personal representative of the Estate of W. Robert Hey, and Michelle Hey Thomas (Thomas) appeal the final summary judgment entered in favor of Appellees. They contend that summary judgment was improperly entered because there are remaining issues of material fact. We agree and reverse.

Robert Hey (Hey) entered into several agreements with one of the Appellees, Mid Florida Development, LLC (MFD), in which Hey agreed to sell property that he owned in Volusia County (the Eastgate Property) to MFD so that it could develop the land and build condominiums and/or townhouses. Of relevance, one of the agreements provided that "the parties agree that any net proceeds from the sale of the condominium and/or townhouse residential units shall be divided on an 80/20 basis, with eighty percent credited to [MFD], and twenty percent credited to [Hey]." MFD subsequently began construction of the townhouses on the Eastgate Property and it began selling the townhouses in September 2006. Hey died in March 2010.

Approximately one year after Hey's death, Ahmed filed suit against MFD for, *inter alia*, breach of contract. She alleged that MFD had sold approximately twenty-six townhouses on the Eastgate Property but failed to

pay Hey the portion of the profits to which he is entitled under the agreements.

In response, MFD filed a Motion for Summary Judgment, arguing that it did not breach the agreements because there was no profit from the sale of the townhouses on the Eastgate Property. As support for its arguments, it attached to the Motion for Summary Judgment: (1) its 2006 tax return, which showed there was no taxable income attributable to the Eastgate Property in 2006 or any other year; and (2) an affidavit from its accountant, Brandon Perry. In his affidavit, Perry swore that the Eastgate Property did not show any taxable earnings at the end of the fiscal years between 2003 and 2008 and, therefore, MFD members never received a distribution of taxable income related to the Eastgate Property. As support, Perry attached copies of MFD's federal tax returns from 2003 through 2008.

In the Response to the Motion for Summary Judgment, Ahmed argued that MFD's tax returns showed that MFD had a net income from the sales of the townhouses and, therefore, Hey was entitled to twenty percent of that amount. As support for her arguments, Ahmed filed an affidavit from John Shelley, an accountant, who swore that he reviewed Perry's affidavit and the attached tax returns. Shelley explained that MFD's 2006 tax returns showed that it received $7,204,000 in total revenue from the sale of the townhouses,

3

and he attached to his affidavit the deeds from the sales of the townhouses showing the sales prices of each unit.

After hearing arguments, the trial court granted summary judgment in favor of MFD, finding that there were no issues of material fact and that MFD was entitled to judgment as a matter of law. In so ruling, the trial court explained that Shelley's affidavit was conclusory, it was based on speculation, and it did not contradict Perry's affidavit.

We review de novo an order granting summary judgment. Dr. Rooter Supply & Serv. v. McVay, 226 So. 3d 1068, 1072 (Fla. 5th DCA 2017). "Summary judgment is proper only where no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law." Scalice v. Orlando Reg'l Healthcare, 120 So. 3d 215, 216 (Fla. 5th DCA 2013). Therefore, the party moving for summary judgment bears the burden of conclusively demonstrating "that no genuine issue exists as to any material fact, and the court must draw every possible inference in favor of the party opposing summary judgment." State v. Gainesville Woman Care, LLC, 278 So. 3d 216, 220 (Fla. 1st DCA 2019) (quoting Bowman v. Barker, 172 So. 3d 1013, 1015 (Fla. 1st DCA 2015)).[1]

---

[1] After the trial court entered summary judgment in this case, the Florida Supreme Court amended Florida Rule of Civil Procedure 1.510 and adopted the federal summary judgment standard. In re Amends. to Fla. R.

4

Contrary to the trial court's ruling, summary judgment was improper here. Under the agreement, Hey was entitled to twenty percent of the "net proceeds" from the sale of the townhouses. However, Perry's affidavit only discusses MFD's taxable income and taxable earnings, but it does not identify whether MFD had "net proceeds" during the relevant timeframe. Because Perry's affidavit does not address MFD's net proceeds from the sale of the townhouses, it was insufficient to establish that MFD did not owe Hey money under the agreement. Therefore, MFD failed to meet its initial burden of conclusively demonstrating that no genuine issue of material fact exists. See Vitelli v. Hagger, 268 So. 3d 246, 248 (Fla. 5th DCA 2019) (reversing order granting final summary judgment where movant's complaint, which movant relied upon as an affidavit, did not offer evidence showing the nonexistence of material facts); Spradley v. Stick, 622 So. 2d 610, 612 (Fla. 1st DCA 1993) (holding that trial court erred in granting summary judgment for appellee where appellee's affidavit failed to conclusively establish the

Civ. P. 1.510, 309 So. 3d 192, 192–95 (Fla. 2020). That amendment became effective May 1, 2021. Id. at 192. Therefore, because the final judgment at issue here predates the amendment, we apply the former summary judgment standard in this case. See Wilsonart, LLC v. Lopez, 308 So. 3d 961, 964 (Fla. 2020) (explaining that amendment to rule 1.510 applies prospectively).

5

nonexistence of a factual issue). Accordingly, we reverse the final judgment and remand for further proceedings.

REVERSED and REMANDED.


EVANDER, J., concurs.
EISNAUGLE, J., dissents, with opinion.

6

EISNAUGLE, J., dissenting.                          Case No. 20-2276
                                          LT Case No. 2011-30599-CICI

I respectfully dissent.  The specific basis upon which the majority reverses the summary final judgment was not preserved in the trial court and was not clearly argued in the initial brief.  See Sunset Harbour Condo. Ass'n v. Robbins, 914 So. 2d 925, 928 (Fla. 2005) ("In order to be preserved for further review by a higher court, an issue must be presented to the lower court and the specific legal argument or ground to be argued on appeal or review must be part of that presentation if it is to be considered preserved." (quoting Tillman v. State, 471 So. 2d 32, 35 (Fla. 1985))); Fell v. Carlin, 6 So. 3d 119, 120 n.1 (Fla. 2d DCA 2009) ("[I]n order to obtain appellate review, alleged errors relied upon for reversal must be raised clearly, concisely, and separately as points on appeal.  Therefore, we do not decide this issue." (citations omitted)).  I would therefore affirm.