DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**THOMAS FARESE,**
Appellant,

v.

**ALAN B. AKER, M.D.**
and **AKER KASTEN EYE CENTER, INC.,**
Appellees.

No. 4D2024-0454

[June 4, 2025]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Luis Delgado, Jr., Judge; L.T. Case No. 50-2021-CA-013575-XXXX-MB.

Bard D. Rockenbach and Adam Richardson of Burlington & Rockenbach, P.A., West Palm Beach, for appellant.

Dinah S. Stein and Philip M. Berberian of Hicks, Porter, Ebenfeld & Stein, P.A., Miami, and James L. White, III of White & Russell, P.A., Palm Beach Gardens, for appellees.

MAY, J.

Following cataract surgery, a patient appeals a final summary judgment in favor of a doctor and his practice in a medical malpractice action. The patient argues the trial court erred in entering summary judgment for the doctor and his practice because genuine issues of material fact existed, precluding appropriate entry of summary judgment. We agree and reverse.

We have de novo review of this summary judgment. *Volusia Cnty. v. Aberdeen at Ormond Beach, L.P.,* 760 So. 2d 126, 130 (Fla. 2000).

"Summary judgment cannot be granted unless the pleadings, depositions, answers to interrogatories, and admissions on file together with affidavits, if any, conclusively show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Hurchalla v. Homeowners Choice Prop. & Cas. Ins.,* 281

So. 3d 510, 512-13 (Fla. 4th DCA 2019). Every possible inference is drawn "in a light most favorable to" the party challenging the entry of final summary judgment. *First Realty Corp. of Boca Raton v. Standard Steel Treating Co.*, 268 So. 2d 410, 411 (Fla. 4th DCA 1972).

"To prevail in a medical malpractice case[,] a plaintiff must establish the following: the standard of care owed by the defendant, the defendant's breach of the standard of care, and that said breach proximately caused the damages claimed." *Gooding v. Univ. Hosp. Bldg., Inc.*, 445 So. 2d 1015, 1018 (Fla. 1984) (citing *Wale v. Barnes*, 278 So. 2d 601, 603 (Fla. 1973)). "If a plaintiff does offer expert testimony, the expert need not incant any talismanic phrases to survive a motion for directed verdict, and the expert's testimony should be considered as a whole." *Claire's Boutiques v. Locastro*, 85 So. 3d 1192, 1195 (Fla. 4th DCA 2012) (citing *Edwards v. Simon*, 961 So. 2d 973, 974-75 (Fla. 4th DCA 2007)).

Additionally, "expert opinion testimony—specifically saying in precise words that having any surgery was below the standard of care—was" deemed not "necessary to defeat the motion for summary judgment." *Edwards v. Simon*, 961 So. 2d 973, 974 (Fla. 4th DCA 2007).

Here, the patient provided an expert opinion that created a genuine issue of material fact concerning the doctor's negligence. The patient's expert opined the doctor failed to:

- obtain a complete history of the patient's eye;
- undertake "a complete and proper pre-surgery examination;" and
- attain an ophthalmology consult concerning the patient's complications.

The expert further attested that he believed there were "reasonable grounds to support" the doctor's negligence and that it "resulted in significant and permanent injury to" the patient. The expert opined that a statement taken from the patient demonstrated the doctor "reviewed [the patient's records] only the morning *after the surgery* resulting in [the patient's] ruptured lens capsule in the left eye." Most importantly, the expert attested that "[a]s a direct and proximate result of the acts and/or omissions by [the doctor], [the patient] was permanently injured and sustained damages. . . ."

In short, these attestations were sufficient to withstand the doctor's and his practice's motion for summary judgment. *See Scalice v. Orlando Reg'l*

2

*Healthcare*, 120 So. 3d 215, 217 (Fla. 5th DCA 2013) (concluding a genuine issue of material fact existed on affidavits presented).

    *Reversed and Remanded.*

GROSS and CONNER, JJ., concur.

*    *    *

**Not final until disposition of timely filed motion for rehearing.**