# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2024-2443
LT Case No. 2015-CA-000216

_____

KELLIE ERLACHER and RYAN
ERLACHER,

    Appellants,

    v.

FLORIDA WOMAN CARE, LLC,
UNIFIED PHYSICIAN
MANAGEMENT, LLC, OBGYN
ASSOCIATES OF ST. AUGUSTINE,
P.A., ERIC PULSFUS, KELLY
JAGO, and FLAGLER HOSPITAL,
INC.,

    Appellees.

_____

On appeal from the Circuit Court for St. Johns County.
Kenneth James Janesk, II, Judge.

J. Richard Moore, Jr., of the Law Offices of J. Richard Moore, Jr.,
Jacksonville, for Appellants.

Andrew S. Bolin and Eric T. Nelson, Tampa, for Appellees
Florida Woman Care, LLC, Unified Physician Management, LLC,
OBGYN Associates of St. Augustine, P.A., Eric Pulsfus and Kelly
Jago.

No Appearance for Appellee Flagler Hospital, Inc.

July 18, 2025

PER CURIAM.

This is an appeal from a final summary judgment entered in favor of Unified Physician Management, LLC; OBYGN Associates of St. Augustine, P.A.; Eric Pulsfus, M.D.; and Kelly Jago, M.D. ("Appellees") in an action for medical negligence brought by Kellie and Ryan Erlacher ("Appellants"). Appellants assert that the trial court erred in granting Appellees' summary judgment motion because (1) the motion was premature; and (2) the trial court improperly found that Appellants' pre-suit expert affidavit filed in opposition to the motion was inadmissible under section 766.205(4), Florida Statutes (2024). That section provides in pertinent part: "No statement, discussion, written document, report, or other work product generated solely by the presuit investigation process is discoverable or admissible in any civil action for any purpose *by the opposing party*." *Id.* (emphasis added).

It is unnecessary to address Appellants' first argument because their second argument is dispositive. In *Scalice v. Orlando Regional Healthcare*, 120 So. 3d 215 (Fla. 5th DCA 2013), this court held that a plaintiff's pre-suit expert affidavit is admissible under section 766.205(4) to oppose the defendant's motion for summary judgment in a medical malpractice action, explaining that "[t]he plain language of section 766.205(4) only precludes 'the opposing party' from admitting pre-suit documents; it does not preclude a party from using its own pre-suit documents." *Scalice*, 120 So. 3d at 217. Because Appellants' pre-suit expert affidavit created a genuine issue of material fact concerning whether Appellees' breach of the standard of care proximately caused the still-born deaths of Appellants' twin children, the trial court erred in entering summary judgment for Appellees. Accordingly, we reverse and remand for further proceedings.

REVERSED and REMANDED.

JAY, C.J., and MAKAR and SOUD, JJ., concur.

2

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____