561 So.2d 1319 (1990)
John MOYANT, Appellant,
v.
Elizabeth R. BEATTIE, et al., Appellees.
No. 89-1545.
District Court of Appeal of Florida, Fourth District.
May 30, 1990.
Robert D. Lettman, Tamarac, for appellant.
Edward J. O'Hare, Coral Springs, for appellees.
GARRETT, Judge.
John Moyant, a real estate broker, appeals the final judgment that awarded damages to appellees, who had contracted to purchase real estate. He failed to return their deposit stolen by his salesperson.
The issue we address is whether appellees had standing to bring a cause of action under Chapter 475, Florida Statutes (1989), which all parties agree regulates Florida real estate brokers and salepersons. However, appellant contends that the chapter does not provide for actions by private persons.
The general rule for actions based on violations of statutory duties is found at 49 Fla. Jur. 2d, Statutes § 223:
If a statute grants a right or imposes a duty, it may be construed as conferring by implication the power necessary for the exercise of the right or the performance of the duty. Thus, if a statute requires an act to be done for the benefit *1320 of another, or forbids the doing of an act that may be to his injury, the person wronged may have an action even though one is not given to him under the express terms of the statute. Such a statute is generally regarded as giving rise to a liability and creating a private right of action whenever the other elements essential to a recovery are present.
The question of whether a statute grants a private right of action is to be determined from the construction of the statute. In general, a statute that does not purport to establish a civil liability, but merely makes provision to secure the safety or welfare of the public as an entity, will not be construed as establishing a civil liability. Whether a liability arising from a breach of a statutory duty accrues to the benefit of an individual thereby injured, or whether the liability is exclusively of a public character, depends on the nature of the duty imposed and the benefits to be derived from its performance. The absence of express provision for civil liability in the case of violation of a statute does not negative the existence of a legislative intent that the statute shall effect private rights.
Section 475.482, Florida Statutes (1989), Real Estate Recovery Fund, provides for the reimbursement of persons who suffer monetary losses because of the unscrupulous acts of licensed brokers or salespersons. The legislative intent to authorize private actions is made clear by the condition imposed by section 475.483(1)(a), Florida Statutes (1989), which allows recovery from the fund if "such person has received final judgment ... in any action wherein the cause of action was based on any violation proscribed in s. 475.25."
In Cooper v. Paris, 413 So.2d 772, 773 (Fla. 1st DCA 1982), the court in a case which involved Chapter 475 stated:
When the legislature enacts a statute forbidding certain conduct for the purpose of protecting one class of persons from the activities of another, a member of the protected class may maintain an action.... The protective purpose of the legislation is realized by allowing the plaintiff to maintain his action against the defendant within the class primarily to be deferred... . Annot. 74 A.L.R.3rd 637, 662.
Accordingly, we find appellees had the right to maintain a private cause of action as the persons the legislature intended to protect by the enactment of Chapter 475. Further, we find no merit as to the remaining issue. See Dreyer v. Florida Real Estate Commission, 370 So.2d 95, 100 (Fla. 4th DCA 1979) (although a passive participant, broker had duty to supervise salesperson).
AFFIRMED.
GUNTHER and POLEN, JJ., concur.