VAN NORTWICK, Judge.
Austin Eugene Vance and Deborah Vance, the plaintiffs below, seek reversal of summary judgment entered in their negligence suit in favor of appellee the City of Tallahassee. Because, at the early stage at which summary judgment was granted below, issues of material fact remain concerning the possible liability of the City, we reverse.
During construction of the new terminal building for Tallahassee Regional Airport, appellant Austin Vance was working as a foreman for the roofing subcontractor, Sat-terwhite Roofing and Sheet Metal, Inc., when he fell off the building on December 21,1988. Vance fell approximately 40 feet and suffered significant injuries as a result. Thereafter, in December 1992, Austin Vance and his wife filed suit against the joint venture which operated as general contractor for the airport expansion, J. Kinson Cook, Inc., and Barton-Malow Thatcher; Day and Zimmer-mann, Inc., the construction manager for the airport project, and its employee, Rupert Johnson; Satterwhite Roofing, Vance’s immediate employer; and the City of TaEahas-see, the owner of the airport.
The City is named as a defendant only in Count III of the complaint. In that count, the Vances aHege that the City was negh-gent: (i) for failing to require the defendants to adhere to the requirements of the project safety program, which in turn required the use of safety belts or other safety equipment; (ii) by failing to maintain and/or require adherence to an active safety training and education program, or, in the alternative, in failing to instruct Vance and the other employees at the construction site to recognize and avoid unsafe conditions; (iii) by failing to utilize procedures to secure compHance with safety rules and regulations; and, finaEy, (iv) by failing to give adequate warning and instruction regarding the proper and safe manner of installing roofing materials.
In its answer, the City denied most of the substantive aEegations of Count III and raised several affirmative defenses. In May 1993, in response to the trial court’s case management order, the parties filed written statements indicating, among other things, their estimates of the time required to complete discovery. The City indicated that its discovery would require approximately six months, the Vances indicated that their discovery would require the balance of 1993, and the other parties represented that then-discovery should be completed by February 1994. In August 1993, the City moved for summary judgment. Following a hearing, the lower court entered final summary judgment in favor of the City. Thereafter, the Vances filed a motion for leave to file an amended complaint and a motion for rehearing regarding the summary judgment. Both motions were denied.
On appeal, the Vances take issue with entry of the summary judgment arguing, among other things, that discovery had not yet been completed and therefore summary judgment was prematurely entered. The City responds by correctly noting that summary judgment may be sought at any time pursuant to Rule 1.510(b), Florida Rules of Civil Procedure, and, thus, there is no requirement to delay the entry of summary judgment until after completion of discovery.
In support of the summary judgment, the City argues that the contracts between it and the general contractor and the construction manager place all responsibility with the general contractor regarding the construction means, methods, techniques or procedures for performance of the work, including the safety aspects of the construction project. The City adds that there is no evidence that it operated contrary to the terms of those contracts and that there is no issue of material fact regarding the Hability of the City. The City further contends that, according to appeEants’ interrogatory responses,[1] the only *494 basis for liability on the part of the City would be that liability established through the actions of Day and Zimmermann, the construction manager, as the City’s alleged agent, but that the Vances admit in these same interrogatory answers that Day and Zimmermann were independent contractors, not agents, of the City. Thus, the City argues that the Vances have conceded that there is no factual basis on which to hold the City liable for Austin Vance’s injuries and therefore, as a matter of law, the City was entitled to summary judgment.
The Vances acknowledge that their interrogatory responses state that the City’s liability is dependent upon a finding that Day and Zimmermann was the agent of the City. However, they contend that their interrogatory answers did not concede that Day and Zimmermann was an independent contractor, and not an agent of the City. The Vances argue that their answers state only that the terms of the agreement between the City and Day and Zimmermann is evidence that Day and Zimmermann is acting as an agent of the City in providing construction management services[2] and that the determination of the nature of the relationship between the City and Day and Zimmermann involves questions of fact requiring further discovery.
We must agree with the City that summary judgment is not precluded simply because the appellant’s wish to pursue further discovery. However, we do conclude that summary judgment was prematurely entered in the instant case. If, as the Vances and the City seem to agree, any liability on the part of the City is dependent upon whether Day and Zimmermann was acting as the agent of the City, as opposed to an independent contractor, then issues of fact remain as to Day and Zimmermann’s status. We cannot read the appellants’ interrogatory answer as a concession of this issue. In fact, the Vances’ interrogatory answers reflect both an issue of fact as to whether the contract between the City and Day and Zimmer-mann creates an agency relationship and the necessity for further discovery. Given the early stage of discovery in the instant case, see, Brandauer v. Publix Super Markets, Inc., 657 So.2d 932, 933-34 (Fla. 2d DCA 1995), and the fact issues inherent in determining issues of agency, see, Alexander v. Morion, 595 So.2d 1015 (Fla. 2d DCA 1992); Pate v. Gilmore, 647 So.2d 235, 236 (Fla. 1st DCA 1994), summary judgment was improperly entered here.
As was noted in Aloff v. Neff-Harmon, Inc., 463 So.2d 291, 294 (Fla. 1st DCA 1984), a “summary judgment is appropriate only when the ‘facts are so crystallized that nothing remains but questions of law’ and there is not the ‘slightest doubt’ as to any issue of material fact.” (Emphasis in Aloff, quoting, Harris v. Lewis State Bank, 436 So.2d 338, 340 (Fla. 1st DCA 1983)). Summary judgment in a negligence suit should be granted “cautiously,” and every possible inference should be drawn in favor of the party against whom summary judgment is sought. Moore v. Morris, 475 So.2d 666, 668 (Fla.1985). We cannot say after review of the record that all possible inferences were drawn in appellant’s favor and that the facts with respect to the City are so “crystallized” as to permit entry of summary judgment in the instant case.
*495 The Vanees also argue in the instant appeal that the lower court erred in denying their motion for leave to amend their complaint. There is no basis stated in the record as to why the lower court denied this motion. Rule 1.190, Florida Rules of Civil Procedure, provides that leave of court for amendment of pleadings shall be freely given when justice so requires. On remand, the lower court is instructed to consider the substantive validity of the proposed amendment to the appellants’ complaint.
Accordingly, we REVERSE the final summary judgment granted in favor of the City of Tallahassee and REMAND for further proceedings consistent with this opinion.
ZEHMER, C.J. and KAHN, J., concur.

. The Vance’s subject answers to the City's interrogatories state as follows:
2. The only way in which the City of Tallahassee participated in the manner in which work was performed with regard to safety would have been through Day and Zimmermann who is named in its contract as the City's "agent."
The contract made it Day and Zimmermann's responsibility to see that all contractors had adequate safety programs and that aE safety programs were complied with, which wasn't done in this case. Even though the word "agent” is used in the contract, preliminary discovery indicates that the relationship be *494 tween the City of Tallahassee and Day and Zimmermann was such that Day and Zimmer-mann would have been an independent contractor for the City of Tallahassee. If that indeed was the case, the City of Tallahassee would not have been responsible for Day and Zimmermann’s actions and the City would not have influenced the manner in which work was performed.
3. a. The duty owned by Day and Zimmer-mann, and by the City of Tallahassee if Day and Zimmermann was other than an independent contractor, and was the duty to see that all safety rules, regulations and programs were adhered to. This is the duty prescribed in the contract documents.

. Article I A of the construction management agreement between the City and Day and Zim-mermann provides:
A. Owner and Construction Manager
CM shall be an Agent of Owner in providing construction management services as described in Article i in accordance with the terms and conditions of this Agreement. CM and Owner accept the relationship of trust and confidence between the parties established by this Agreement.