ANTOON, Judge.
The trial court entered summary judgment in favor of Hunter Development, Inc. (the Corporation) on its claims for declaratory and injunctive relief against The Villages at Mango Key Homeowner’s Association, Inc. (Association). We reverse because the Association did not haye a reasonable opportunity to complete discovery prior to the entry of the summary judgment.
The Corporation filed an amended three-count complaint on October 24, 1996. The complaint alleged a breach of the Association’s Declaration of Covenants and Restrictions. The Corporation requested declaratory relief regarding its voting rights, as well as a mandatory injunction requiring a new annual meeting of the Association and suspension of any action taken by the Association at its last annual meeting. One week later, on October 31, before the Association filed its answer to the amended complaint, the Corporation filed a motion for summary judgment along with the affidavit of the Corporation’s president, Earl Warren Peck, Jr. In the affidavit, Peck alleged that the Corporation owned eighty-eight undeveloped lots in Mango Key, and therefore the Corporation was entitled to cast eighty-eight votes at the Association’s annual meeting. Peck also alleged that the Association had improperly disallowed the Corporation’s votes which were submitted by proxy at the last annual meeting.
On November 8, 1996, the Association served Peck with a notice of taking deposition duces tecum scheduled for November 19, 1996. By agreement, the deposition was continued until November 26 to accommodate *338 both Peek and the Corporation’s attorney. However, on November 19, the Corporation filed an objection and a motion for protective order regarding the information requested in the subpoena duces tecum. When Peck was deposed he testified that the Corporation was a for-profit corporation and that the sole shareholder was Chris Walton. Peek explained that Walton acquired the property before Peck was hired and that’ he had no personal knowledge of the details of the purchase. When questioned as to Walton’s address, Peck gave only the vague response that Walton lived somewhere in the Bahamas.
Three days later, the Corporation deposed Philip Sutor, president of the Association. Sudor explained that the Association believed that the Corporation was only entitled to submit a single vote at the Association’s annual meeting because the Corporation owned a single parcel of land which had not yet been developed.
On November 22, the Association filed with the trial court a memorandum in response to the Corporation’s motion for protective order regarding the documents requested in the subpoena duces tecum. On November 26, the Association filed a motion to dismiss the Corporation’s amended complaint. On December 9, the trial court entered an order denying the motion to dismiss and partially denying the Corporation’s motion for protective order. The order also directed the Association to file an answer to the amended complaint within fifteen days.
Thereafter, on December 17, the Association filed a notice of taking Walton’s deposition and a motion to continue the December 19 hearing scheduled on the Corporation’s motion for summary judgment. However, on December 18, the trial court denied the motion for continuance. On December 19, the court granted the Corporation’s motion for summary judgment against the Association.
Summary judgments are extraordinary in that they deprive the losing party of his or her day in court. As a result, summary judgments should be entered cautiously arid only in eases where there are no genuine issues of material fact to be resolved by trial. Unless the facts of a case have been developed sufficiently to enable the trial court to determine that no issues of fact exist, summary judgment must not be entered. Singer v. Star, 510 So.2d 637 (Fla. 4th DCA 1987).
We have previously held that a summary judgment should not be entered when good faith discovery is still pending. UFF DAA, Inc., v. Towne Realty, Inc., 666 So.2d 199 (Fla. 5th DCA 1995). Accordingly, summary judgments should not be entered when properly noticed depositions are pending unless a protective order has been sought or entered. Id. Of course, this is not to say that a defending party, is entitled to unlimited discovery or that a defending party should be permitted to file last-minute notices of deposition simply to delay the trial court’s consideration of a motion for summary judgment. See Colby v. Ellis, 562 So.2d 356 (Fla. 2d DCA 1990).
Under the circumstances of this case, the tidal court erred by prematurely entering summary judgment in favor of the Corporation. The summary of the facts set forth above demonstrates that, from the date of the filing of the amended complaint, this case moved quickly. There is no indication that either side was avoiding resolution. At the time the summary judgment was entered, the issues of the case had not yet been framed by the pleadings since the Association’s answer had not yet been filed. In fact, the answer was not due until five days after the date the summary final judgment was entered.
Accordingly, we vacate the summary judgment and remand this matter to the trial court for further proceedings.
REVERSED and REMANDED.
W. SHARP, J., concurs^
GRIFFIN, C.J., dissents without opinion.