PALMER, J.
Robert and Angela Arguelles (hereinafter collectively “Arguelles”) appeal a final summary judgment entered in favor of the City of Orlando in their suit for declaratory relief, injunctive relief, and compensatory damages. Concluding that the case was not ripe for disposition by summary judgment in light of the fact that discovery requests to the City were still outstanding, we reverse.
This case arises out of a long standing dispute between Arguelles, as homeowners, and the Orlando Code Enforcement Board. The dispute began after Arguelles constructed a concrete slab adjacent to their driveway and parked their boat thereon. Arguelles did not request nor obtain a permit from the City to perform the construction work because of their understanding that a permit was not required. The City maintained that a permit was required.
The first action between the parties was an administrative action brought by the Orlando Code Enforcement Board against Arguelles seeking enforcement of a traffic citation issued to them by a municipal parking officer for the boat parked on their property. That action was resolved in favor of Arguelles by the circuit court, sitting in its appellate capacity, based upon a finding that the municipal parking officer lacked the authority to issue a traffic citation for the boat because it was parked on private residential property. However, while that appeal was pending, the City issued a notice of code violation to Arg-uelles and scheduled a hearing before the *1203 Code Enforcement Board. Arguelles sought to depose two of the City’s employees, but the City took the position that such depositions were not allowed in connection with the violation proceeding. As a result, Arguelles commenced the instant action in the circuit court seeking declaratory and injunctive relief as well as damages resulting from a lien which was placed by the City on their home.
After the commencement of this lawsuit, proceedings were held before the Code Enforcement Board. Arguelles were found to be in violation of the relevant code sections, ordered to comply by a date certain, and assessed a fine of $50.00 per day if they failed to do so.
On April 19, 2002, this case was set for jury trial during a two-week docket commencing August 6, 2002. On May 13, 2002, Arguelles served a notice on the City seeking to depose the chief of the Code Enforcement Board on June 19, 2002. The City responded by filing a motion for summary judgment, and notice of hearing thereon for June 11, 2002. Arguelles requested a delay in the hearing date based upon the upcoming deposition, but the trial court denied that request, held the hearing on June 11, 2002, and entered a final summary judgment in favor of the City. In so ruling, the court set forth no finding of facts or conclusions of law in its summary judgment order. This appeal followed.
Entry of summary judgment in this case was premature because discovery had not been completed. In UFF DAA, Inc. v. Towne Realty, Inc., 666 So.2d 199 (Fla. 5th DC A 1995), this court held that it was reversible error to enter summary judgment when relevant discovery was in progress and a deposition of a party was pending. See also Villages at Mango Key Homeowners Assoc., Inc. v. Hunter Development, Inc., 699 So.2d 337 (Fla. 5th DCA 1997)(holding that summary judgment should not be granted when depositions are pending unless protective order is sought or entered).
Because Arguelles were entitled to complete their pending discovery before the court considered the City’s motion for summary judgment, we reverse and remand for further proceedings.[1]
REVERSED and REMANDED.
SAWAYA, C.J., and COBB, W., Senior Judge, concur.

. Since the trial court failed to provide any findings of fact or conclusions of law in its summary judgment order (which makes effective appellate review impossible), we are unable to determine whether the pending discovery would have been irrelevant to the grounds utilized as the basis for the summary judgment so as to render the entry of summary judgment proper. See A & B Discount Lumber & Supply, Inc. v. Mitchell, 799 So.2d 301 (Fla. 5th DCA 2001).