PER CURIAM.
 

 We reverse the summary final judgment of foreclosure issued in favor of the Appel-lee/Plaintiff, WMC Mortgage Corp. (‘WMC”). The Appellant, Harvey Coving-ton & Thomas, LLC (“Harvey Coving-ton”), raises three issues on appeal. Two of the three issues lack merit; however, we reverse on the basis of the third issue.
 

 Harvey Covington filed a motion to continue, seeking delay of the summary judgment hearing in order to allow time for it ■to conduct discovery on the affidavits submitted by WMC. It stated in its motion that WMC had never responded to its discovery requests. The trial court found that “while the plaintiff has not provided the discovery requested by Harvey Cov-ington, in many respects, the discovery requested seeks information that borders on the irrelevant and in light of the age of this case,” the court denied the motion. The denial of this motion was error.
 

 Harvey Covington may have been able to successfully challenge the affidavits as the only evidence of the amount due and owing on hearsay grounds, had it been allowed time to complete discovery and had the case then proceeded.
 
 See, e.g., Mazine v. M & I Bank,
 
 67 So.3d 1129 (Fla. 1st DCA 2011). It is speculative at this stage whether discovery would in fact have shown the documents inadmissible or insufficient evidence, but "with discovery pending and such essential questions unresolved, the trial court abused its discretion in denying the motion to continue.
 
 See generally A.P.D. Holdings, Inc. v. Reidel,
 
 865 So.2d 682 (Fla. 4th DCA 2004) (noting that a ruling on a motion to continue is reviewed for abuse of discretion);
 
 American Funding, Ltd. v. Hill,
 
 402 So.2d 1369, 1370 (Fla. 1st DCA 1981) (observing that rule 1.380(a)(2) requires that, if a party fails to respond to a request for inspection under rule 1.350, the inspection shall be permitted as requested). Summary judgment should not be granted until the material facts have been sufficiently developed for the court to be reasonably certain that no genuine issue of material fact exists.
 
 See Brandauer v. Publix Super Markets, Inc.,
 
 657 So.2d 932, 933 (Fla. 2d DCA 1995). “Generally, it is an abuse of discretion for a trial court to grant summary judgment where the opposing party has not had an opportunity to complete discovery.”
 
 Crowell v. Kaufmann,
 
 845 So.2d 325, 327 (Fla. 2d DCA 2003). Factual issues inherent in determining issues of agency may preclude summary judgment before discovery into the agency issue has been completed.
 
 See Vance v. Barton-Malow Thatcher, Inc.,
 
 680 So.2d 492, 494 (Fla. 1st DCA 1996).
 

 
 *560
 
 Because the trial court granted summary judgment without allowing Harvey Covington to complete discovery on the colorable issue of the affidavits, we reverse and remand for further proceedings, including allowing the Appellant to conduct discovery on WMC’s affidavits.
 

 DAVIS,' PADOVANO, and ROWE, JJ., concur.