ORFINGER, J.
Dora Harper appeals an adverse summary judgment in favor of Wal-Mart Stores East, L.P. Harper argues that the trial court erred by entering the summary judgment because discovery was still ongoing and material issues of fact existed. We agree that summary judgment was prematurely entered and reverse.
Harper fell at a Wal-Mart store, and subsequently brought a suit against Wal-Mart. After Harper’s suit against Wal-Mart had been pending for just over one year, Wal-Mart filed a motion for summary judgment supported by two affidavits. Harper deposed the two affiants. Shortly thereafter, Wal-Mart withdrew one of the affidavits because, as was shown at the deposition, the affiant had no relevant personal knowledge of the issues in dispute. Wal-Mart then filed a new affidavit from a witness to the incident who was employed by a Wal-Mart contractor. Wal-Mart had earlier disclosed that a Wal-Mart contractor’s employee might have witnessed the incident, but did not reveal the witness’s identity until it filed its motion for summary judgment, supplemented later by the new affidavit. Harper’s counsel promptly attempted to arrange the deposition of the newly-disclosed witness and told Wal-Mart’s attorney that he would seek to continue the summary judgment hearing if the deposition could not be arranged. The deposition could not be arranged at a mutually convenient time and, as promised, Harper’s counsel filed a motion to continue the hearing. The court denied the motion without elaboration.
The question before us is whether the trial court abused its discretion by denying Harper’s motion to continue the summary judgment hearing in order to allow Harper to depose the newly-disclosed witness. A trial court’s decision to grant a continuance of a summary judgment hearing is discretionary. However, that discretion is tempered if discovery is not completed and is necessary for the disposition of the case. Smith v. Smith, 734 So.2d 1142, 1144 (Fla. 5th DCA 1999). We agree with Wal-Mart that after a motion for summary judgment is filed and scheduled, the non-moving party cannot thwart the summary judgment hearing by initiating discovery. See Vills. at Mango Key Homeowners Ass’n v. Hunter Dev., Inc., 699 So.2d 337, 338 (Fla. 5th DCA 1997). That general rule notwithstanding, under the facts of this case, it does not appear that the pending discovery was scheduled to thwart the summary judgment hearing. Thus, we conclude that entry of summary judgment in this case was premature. See Arguelles v. City of Orlando, 855 So.2d 1202, 1203 (Fla. 5th DCA 2003). Because Harper was entitled to complete her discovery before the trial court considered Wal-Mart’s motion for summary judgment, we reverse and remand for further proceedings. In doing so, we express no opinion on the merit of Wal-Mart’s summary judgment motion.
REVERSED and REMANDED.
GRIFFIN and BERGER, JJ., concur.