EDWARDS, J.
Appellants/borrowers, Margaret and James Martins (“Martins”), appeal from the final summary judgments entered in this mortgage foreclosure case against them and in favor of Appellee, PNC Bank, NA as Successor by Merger to National City Bank, as Successor by Merger to National City Bank of Indiana (“PNC Bank”). The Martins assert that summary judgment should not have been entered as there were disputed issues of material fact, certain discovery had not been completed, and the affidavit submitted by PNC Bank and relied upon by the trial court contained inadmissible hearsay and unsubstantiated conclusions. We agree with the Martins, reverse the summary judgments, and remand for further proceedings.
On May 31, 2006, the Martins executed a promissory note and mortgage with National City Mortgage, a division of National City Bank of Indiana. On November 6, 2009, National City Bank of Indiana allegedly merged with PNC Bank. According to PNC Bank the Martins defaulted under the terms of the mortgage by failing to make the mortgage payment due October 1, 2010, as well as any subsequent monthly payments.
PNC Bank commenced this foreclosure action against the Martins by filing its *934 complaint, complete with copies of the subject note and mortgage in August 2011. The Martins responded to the complaint by filing a motion to dismiss and by filing a counterclaim alleging PNC Bank had breached the terms of the subject mortgage. PNC Bank filed the original note and mortgage with the court between the time the Martins moved to dismiss and when they filed their first answer to the complaint.
The Martins contested PNC Bank’s standing to sue on the note and mortgage, claiming there was no proof that it was the owner or holder of the note. They also asserted that PNC Bank failed to comply with' two notification provisions of the mortgage. The Martins raised those issues in their motion to dismiss, in their sequential amended answers to the complaint, and in their counterclaim.
On July 20, 2012, the Martins’ counsel deposed PNC Bank’s designated corporate representative, Dorothy Thomas, regarding the disputed issues. Contrary to the requirements of Florida Rule of Civil Procedure 1.310(b)(6), Thomas was not prepared to answer questions within the subject matter designated in the notice of deposition.[1] In her deposition, Thomas testified that she did not know whether PNC Bank owned or simply serviced the Martins’ loan. She said that the Martins were advised by letter of the transfer of the loan from National City to PNC Bank, but she did not see a copy of any such letter in the Martins’ file. According to Thomas, the Martins’ file contained a copy of the notice of default; however, she admitted that the file copy was unsigned and that she did not personally mail the notice of default. Thomas stated that she was not able to answer certain questions without referring to documents, which she did not have with her. The Martins’ counsel asserted that Thomas should have brought those documents with her pursuant to the duces tecum language of the deposition notice. The parties agreed to suspend the deposition and to complete the deposition by telephone, at a later date.
In October 2012, the Martins noticed the continuation of Thomas’ deposition. PNC Bank objected and moved for a protective order, which was granted in part to require coordination in scheduling. The Martins did not make any further efforts to depose Thomas during the next seven” months, and only attempted to resume the deposition when PNC Bank filed its motions for summary judgment.
PNC Bank moved for summary judgment as to its foreclosure complaint and as to the Martins’ counterclaim, and filed its motions for summary judgment on June 27, 2013. It supported its motions by filing the. Martins’ and Thomas’ deposition transcripts and the affidavit of one of its vice presidents, Brian Arthur. In the affidavit, Arthur testified that: (1) the allegations of the complaint are true and correct; (2) PNC Bank was the holder of the note as a result of the November 6, 2009 merger with National City Bank and an agreement between the two entities; (3) the Martins were in default for failing to make payments; (4) PNC Bank had “served” or “sent” the Martins proper notice of default and acceleration pursuant to the mortgage; (5) he reviewed the “F.I.S. computer system” to determine the status of escrow payments and late charges; and (6) he requested a pay-off statement from the Pay-off Department to determine the amount of accrued interest on the Martins’ *935 loan. In other words, Arthur’s affidavit purported to address many of the disputed issues of fact and to resolve them all in PNC Bank’s favor.
On July 2, 2013, the Martins moved to compel the deposition of Arthur prior to the summary judgment hearing, as he had not been previously identified or disclosed by PNC Bank.
The Martins filed written opposition to the motions for summary judgment asserting that there were disputed issues of material fact regarding ownership of the note, lack of notices, and further arguing that Arthur’s affidavit was insufficient. The Martins requested a continuance of the hearing scheduled for July 17, 2013, asserting that discovery was incomplete.
One day prior to the scheduled hearing date, the parties entered into a mediation agreement that postponed the hearing on the motion for summary judgment until August 21, 2013. At the rescheduled hearing, the Martins again requested a continuance of the hearing to complete the deposition of Thomas and to depose Arthur. Because of time constraints, the court rescheduled and completed the hearing on September 9, 2013. The trial court granted PNC Bank’s motions for summary judgment, while it denied the Martins’ motion to strike Arthur’s affidavit and their motion to compel the depositions of Arthur and Thomas.
Standard of Review
The standard of review governing a trial court’s ruling on a motion for summary judgment “posing a pure legal question is de novo.” See Major League Baseball v. Morsani 790 So.2d 1071, 1074 (Fla.2001); see also Volusia Cnty. v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla.2000).
Disputed Issues of Material Fact Made Summary Judgment Improper
Summary judgment is appropriate “if there is no genuine issue of material fact and if the moving party is entitled to a judgment, as a matter of law.” Aberdeen, 760 So.2d at 130. The burden is on the party moving for summary judgment to prove a “complete absence of a triable issue of material fact, and the proof must be such as to overcome all reasonable inferences which could be drawn in favor of the” non-moving party. Aagaard-Juergensen, Inc. v. Lettelier, 540 So.2d 224, 225 (Fla. 5th DCA 1989) (citing Landers v. Milton, 370 So.2d 368 (Fla.1979)). This is a high burden as “all doubts regarding the existence of an issue in a motion for summary judgment are resolved against the moving party, and all evidence before the court plus favorable inferences reasonably justified thereby are to be liberally construed” in favor of the non-moving party. Id. Additionally, the moving party must disprove or establish as legally insufficient the non-moving party’s affirmative defenses. Stop & Shoppe Mart, Inc. v. Mehdi, 854 So.2d 784, 786 (Fla. 5th DCA 2003). Since “summary judgments deprive the losing party of his or her day in court,” such motions should be granted only when there are no genuine issues of material fact to be resolved by the trial court. Villages at Mango Key Homeowners Ass’n, Inc. v. Hunter Dev., Inc., 699 So.2d 337, 338 (Fla. 5th DCA 1997). The pleadings, the deposition testimony of Dorothy Thomas, Margaret Martins, and James Martins, and the affidavits on file clearly showed that there were disputed issues of material fact as tb whether PNC Bank gave proper pre-suit notification to the Martins.
No Proof that PNC Complied with Mortgage’s Notice Requirements
To prevail on summary judgment, PNC Bank was required to prove *936 that it was entitled to judgment as a matter of law on the undisputed facts. A lender cannot foreclose until it has complied with the terms of the mortgage. DiSalvo v. SunTrust Mortg., Inc., 115 So.3d 438, 439 (Fla. 2d DCA 2013). The mortgage in question required the lender to notify the borrower in writing when a change in loan service provider occurs and to give notice of default complete with specific information on how to cure the default with at least thirty days to cure. The mortgage required the lender to either mail all notices to the borrower via first class mail or to actually deliver the notice to the borrowers’ address by other means
Lack of notice was raised by the Martins in their pleadings. Further, Mrs. Martin testified in her deposition that she did not recall receiving a default notice, although she admitted to getting a notice from PNC Bank about a late payment. Mr. Martin testified in his deposition that he only recalled receiving a notice of foreclosure from PNC Bank and, further, that he did not understand the difference between a notice of default and a notice of foreclosure. He also testified in deposition that he got something in the mail about PNC Bank and them loan, but he did not understand from that correspondence whether the loan service provider had changed.
When a mortgage contains a provision that requires the lender to send notice to the borrower, the lender must establish that it complied with the provisions of the mortgage or that the borrower received such notice. Ramos v. CitiMortgage, Inc., 146 So.3d 126, 128 (Fla. 3d DCA 2014). When the terms of the mortgage provide that the lender complies with the notice requirement by mailing the notice, there is no genuine issue of material fact as to the notices sent if the lender establishes via an affidavit that the notices were mailed. Roman v. Wells Fargo Bank, 143 So.3d 489, 490 (Fla. 5th DCA 2014). Paragraph fifteen of the subject mortgage provides that any notice to the Borrower “shall be deemed to have been given to Borrower when mailed by first class mail.”
Here, Thomas’ deposition testimony did not prove that either of the mandatory notices were given at all, much less that the notices were mailed or actually delivered to the Martins. Arthur’s affidavit, referring to his review of “electronic copies,” likewise fails to prove that notice of default was properly delivered or mailed to the Martins, as it says in one paragraph that the bank “served notice” of acceleration to the Martins and elsewhere that the default notice was “sent to the borrowers.” Arthur’s affidavit does not indicate that the notice of default was actually delivered or sent by first class mail. Thus, summary judgment was erroneously entered as there were unresolved material issues of fact regarding whether PNC Bank had complied with the notice provisions of the mortgage. Because the case is being remanded to the trial court for further proceedings, several other issues raised by the Martins merit discussion.
Completion of Discovery
If there is good faith discovery still in progress, the trial court should not grant the moving party’s motion for summary judgment. Villages at Mango Key Homeowners Ass’n, 699 So.2d at 338 (citing UFF DAA, Inc. v. Towne Realty, Inc., 666 So.2d 199, 200 (Fla. 5th DCA 1995)). Since Arthur had not been identified or disclosed previously, the Martins were entitled to depose him upon timely request, and they were likewise entitled to have the summary judgment hearing continued for that purpose.
However, if the non-moving party does not act diligently in completing *937 discovery or uses discovery methods to thwart and/or delay the hearing on the motion for summary judgment, the trial court is within its discretion to grant summary judgment even though there is discovery still pending. Harper v. Wal-Mart Stores East, L.P., 134 So.3d 557, 558 (Fla. 5th DCA 2014); Congress Park Office Condos II, LLC. v. First-Citizens Bank & Trust Co., 105 So.3d 602, 608 (Fla. 4th DCA 2013); Leviton v. Philly Steak-Out, Inc., 533 So.2d 905, 906 (Fla. 3d DCA 1998). Thus, the trial court did not abuse its discretion by denying a continuance for the purpose of completing Thomas’ deposition, as the Martins had made no efforts to do so during the more than seven months preceding the summary judgment hearing.
Arthur’s Affidavit Should Have Been Stricken
The Martins’ July 2, 2013 motion to' strike Arthur’s affidavit was erroneously denied by the trial court. Florida Rule of Civil Procedure 1.510(e) lists three requirements for summary judgment affidavits: they “shall be made on personal knowledge, shall set forth such facts as would be admissible- in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.”
There are several reasons why Arthur’s affidavit is legally insufficient. First, there is no statement, direct or indirect, anywhere in the affidavit that Arthur has personal knowledge regarding any fact recited in his affidavit. Second, the affidavit contains inadmissible hearsay. When identifying the source of his knowledge, Arthur states that he reviewed PNC Bank’s records and information contained on the undefined “F.I.S.” computer system. Arthur’s affidavit includes coneluso-ry statements that suggest the records he relied upon may be admissible pursuant to the business records hearsay exception set forth in section 90.803(6), Florida Statutes (2015). It is well settled that the witness offering business records need not be the person who originally prepared the records, and that a witness who is personally familiar with how the records were generated, maintained, and verified for accuracy can lay the proper predicate. WAMCO XXVIII, Ltd. v. Integrated Elec. Env’ts, Inc., 903 So.2d 230, 233 (Fla. 2d DCA 2005). However, Arthur’s affidavit gives no basis for his ability to vouch for the timely creation, routine retention, and accuracy of any of the records of PNC Bank which are the only identified source of his knowledge. Additionally, Arthur’s affidavit does not speak to any efforts undertaken by him or anyone else to verify the accuracy of the records that PNC Bank received from the predecessor lender. See Channell v. Deutsche Bank Nat’l Trust Co., No. 2D14-2318, — So.3d-, 2015 WL 3875949 (Fla. 2d DCA 2015).
Third, there is no affirmative showing in Arthur’s affidavit that he is competent to testify about anything in it. While Arthur’s affidavit and the line below his signature confirm that Arthur is a vice president of PNC Bank, it does not describe his duties or the department, division, or group over which he presides; thus, his commendable title sheds no light on his competence to testify about the matters and records set forth in his affidavit. See Mazine v. M & I Bank, 67 So.3d 1129, 1131 (Fla. 1st DCA 2011). The trial court abused its discretion in considering, rather than striking, Arthur’s affidavit.
Conclusion
Accordingly, the summary judgments entered in favor of PNC Bank on the foreclosure complaint and on the counterclaim are reversed, and the case is re *938 manded to the trial court for further proceedings consistent with this opinion.
REVERSED and REMANDED.
SAWAYA and WALLIS, JJ., concur.

. See Carriage Hills Condo., Inc. v. JBH Roofing & Constr., Inc., 109 So.3d 329 (Fla. 4th DCA 2013).