IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

RICHARD KJELLANDER AND
KC KJELLANDER,

       Appellants,

v.

STEPHEN J. ABBOTT,
CYNTHIA L. ABBOTT, RALPH
J. GAGE d/b/a GAGE HOME
INSPECTIONS, NATHAN
ABBOTT, AMANDA ABBOTT,
AND RESORTQUEST REAL
ESTATE OF FLORIDA, LLC
d/b/a RESORTQUEST REAL
ESTATE,

       Appellees.

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D15-5475

_____/

Opinion filed September 19, 2016.

An appeal from the Circuit Court for Walton County.
Thomas R. Santurri, Judge.

William S. Henry of Burke Blue Hutchison Walters & Smith, P.A., Panama City,
for Appellants.

M. Scott Thomas and Cristine M. Russell of Rogers Towers, P.A., Jacksonville, for
Appellees Nathan Abbott, Amanda Abbott, and ResortQuest Real Estate, LLC d/b/a
ResortQuest Real Estate.

No appearance for other Appellees.

PER CURIAM.

Appellants (the buyers) purchased a home from Appellees Stephen and Cynthia Abbott (the sellers). After closing, the buyers allegedly discovered that the home had numerous undisclosed material defects, including water damage, mold, and problems with the HVAC system. The buyers sued the sellers, the sellers' real estate agents,[1] and the buyers' home inspector,[2] alleging that they misrepresented, concealed, and/or failed to disclose the true condition of the home. The trial court granted summary judgment in favor of the agents on the Johnson v. Davis[3] claim in Count III of the complaint and dismissed the buyers' other claims against the agents for fraudulent misrepresentation, fraudulent concealment, and breach of the duties of honesty, candor and fair dealing in Counts IV–VI of the complaint. The buyers filed a timely appeal,[4] and for the reasons that follow, we reverse.

With respect to the order granting summary judgment on Count III, the buyers argue that the trial court abused its discretion in denying their motion to continue the

---

[1]  Appellees Nathan Abbott, Amanda Abbott, and ResortQuest Real Estate of Florida, LLC d/b/a ResortQuest Real Estate.

[2]  Appellee Ralph Gage d/b/a Gage Home Inspections.

[3]  480 So. 2d 625 (Fla. 1985).

[4]  We have jurisdiction even though the buyers' claims against the other Appellees remain pending below because the orders on appeal dispose of all of the buyers' claims against the agents. See Fla. R. App. P. 9.110(k) ("If a partial final judgment totally disposes of an entire case as to any party, it must be appealed within 30 days of rendition.").

summary judgment hearing until after they deposed the agents. We agree.[5]

As the Fifth District recently explained,

> [i]f there is good faith discovery still in progress, the trial court should not grant the moving party's motion for summary judgment. . . . . However, if the non-moving party does not act diligently in completing discovery or uses discovery methods to thwart and/or delay the hearing on the motion for summary judgment, the trial court is within its discretion to grant summary judgment even though there is discovery still pending.

Martins v. PNC Bank, N.A., 170 So. 3d 932, 936–37 (Fla. 5th DCA 2015). Accord Harvey Covington & Thomas, LLC v. WMC Mortg. Grp., 85 So. 3d 558 (Fla. 1st DCA 2012). Here, contrary to the agents' argument, the record does not reflect a lack of diligence on the part of the buyers in failing to depose the agents before the summary judgment hearing. And, the agents would not have been prejudiced by a delay in the summary judgment hearing because, even after their motion for summary judgment was granted on Count III, they remained defendants in the case based on the claims alleged against them in Counts IV–VI.

With respect to the order dismissing Counts IV–VI, the buyers argue that the trial court erred in ruling that the contract[6] attached to the complaint "expressly contradicts" the causes of actions asserted against the agents in those counts. We

---

[5] Because we agree with the buyers on this point, we do not need to consider their other arguments concerning the grant of summary judgment on Count III.

[6] "Contract for Residential Sale and Purchase," Florida Association of Realtors Form CRSP-13 (Rev 3/13).

agree.

Although the buyers agreed in the contract to rely solely on representations of the sellers and third-parties other than the agents for verification of the home's condition, the paragraph of the contract containing that agreement also states: "This Paragraph will not relieve [the agents] of statutory obligations." Thus, claims based on allegations that the agents violated their statutory obligations are not "contradicted" by the contract.

The agents' statutory obligations include a duty of honesty and fair dealing, a duty to disclose all known facts that materially affect the value of the property and are not readily observable, and a duty not to make misleading, deceptive, or fraudulent representations in any transaction. See §§ 455.227(1)(a), 475.25(1)(b), 475.278(4)(a)1.–2., 475.42(1)(e), (1)(n), Fla. Stat. (2012); see also Zichlin v. Dill, 25 So. 2d 4 (Fla. 1946) (reversing dismissal of suit against real estate broker for defrauding buyer and rejecting argument that broker owed no duty to deal fairly with the buyer); Fla. Att'y Gen. Op. 96-20 (1996) (explaining that "Chapters 455 and 475, Florida Statutes, clearly make misrepresentation, concealment, and fraud by real estate brokers and salespersons contrary to the public policy of this state" and opining that any language in a real estate sales contract that purports to relieve the broker or salesperson of liability for fraud, misrepresentation, or other wrongdoing is void as contrary to public policy). And, because Counts IV–VI effectively allege

4

that the agents violated these statutory obligations, those counts were sufficient to withstand the agents' motion to dismiss.

For the reasons stated above, the order granting summary judgment for the agents on Count III and the order dismissing the claims against the agents in Counts IV–VI are reversed, and this case is remanded for further proceedings.

REVERSED and REMANDED.

ROBERTS, C.J., WETHERELL and BILBREY, JJ., CONCUR.