PER CURIAM.
Appellants, Michele L. Smith and Shannon Douglas Smith, appeal an order dismissing with prejudice their claims against Appellees, Tracie Maler and J'Makaa Corporation. Appellants argue, inter alia , that the non-reliance provision in their real estate purchase contract does not bar their claims for fraud and violations of chapter 475. We agree and reverse as to Appellants' fraud and chapter 475 claims. We otherwise affirm.
Facts and Procedural History
Appellants entered into a contract to purchase a home from Vilma Rodriguez. After closing, Appellants allege that they discovered, for the first time, numerous defects in the home that were not disclosed and were actively concealed by Rodriguez and the real estate broker, Tracie Maler. As a result, Appellants filed suit against Rodriguez, Maler, and Maler's employer, J'Makaa Corporation.
Appellees moved to dismiss the claims against them relying on a non-reliance provision in the purchase contract. To that end, paragraph 14 of the contract provides in pertinent part:
BUYER AGREES TO RELY SOLELY ON SELLER, PROFESSIONAL INSPECTORS AND GOVERNMENTAL AGENCIES FOR VERIFICATION OF PROPERTY CONDITION, SQUARE FOOTAGE AND FACTS THAT MATERIALLY AFFECT PROPERTY VALUE AND NOT ON THE REPRESENTATIONS (ORAL, WRITTEN OR OTHERWISE) OF BROKER ....
The trial court dismissed the claims against Appellees based upon the above provision, despite the same paragraph providing:
This Paragraph 14 will not relieve Broker of statutory obligations under Chapter 475, F.S., as amended ....
This appeal follows. Appellants' claims against Rodriguez remain pending in the trial court.
Discussion
On appeal, Appellants argue that paragraph 14 does not bar their fraud and violation of chapter 475 claims because it expressly provides that "Paragraph 14 will not relieve Broker of statutory obligations under Chapter 475," citing the first district's decision in Kjellander v. Abbott , 199 So.3d 1129 (Fla. 1st DCA 2016). We agree.
In Kjellander , the court considered the effect of a non-reliance provision with nearly identical language to the contract in this case and concluded that the non-reliance provision did not bar claims for fraudulent misrepresentation and fraudulent concealment. Id. at 1131-32. In so doing, the Kjellander court reasoned that because the plaintiffs had "effectively allege[d]
*647 that the agents violated [chapter 455 and 475's] statutory obligations, those counts were sufficient to withstand the agents' motion to dismiss." Id. at 1132.
As in Kjellander , while the non-reliance provision effectively barred some claims, it did not bar claims based upon violations of chapter 475. While the provision at issue here could have been drafted more artfully, we agree with the Kjellander court's analysis. Appellees have not offered any other reasonable interpretation of this provision, nor can we identify one.
Appellees argue that our decision in Billington v. Ginn-La Pine Island, Ltd. , 192 So.3d 77 (Fla. 5th DCA 2016), is controlling and requires that we affirm the dismissal of the fraud claim. We disagree and find that the non-reliance provision in Billington is distinguishable because it did not include an exception for statutory obligations pursuant to chapter 475.
We also conclude that Appellants sufficiently allege a private cause of action against Appellees pursuant to chapter 475. Cf. Moyant v. Beattie , 561 So.2d 1319, 1320 (Fla. 4th DCA 1990) (holding prospective purchasers whose deposit was stolen by broker's salesperson had standing to bring a private cause of action against broker under chapter 475 regulating real estate brokers and salespersons). In Florida, legislative intent, rather than the duty to benefit a class of individuals, determines "whether a cause of action exists when a statute does not expressly provide for one." Murthy v. N. Sinha Corp. , 644 So.2d 983, 985 (Fla. 1994) (citations omitted). "[I]t is a cardinal rule of statutory construction that the entire statute under consideration must be considered in determining legislative intent, and effect must be given to every part of the section and every part of the statute as a whole." De Armas v. Ross , 680 So.2d 1130, 1131 (Fla. 3d DCA 1996) (quoting State v. Gale Distribs., Inc. , 349 So.2d 150, 153 (Fla. 1977) ).
While chapter 475 does not expressly create a private cause of action, the statutory language strongly implies that one exists. Not only does chapter 475 make several references to a civil cause of action based upon violations of its provisions,[1] it bases recovery from the Real Estate Recovery Fund upon obtaining a final judgment for such violations. § 475.483(1)(a), Fla. Stat. (2018). Reading chapter 475 as a whole, we conclude that Moyant correctly held that chapter 475 authorizes a private cause of action. Moyant , 561 So.2d at 1320.
We therefore reverse the order dismissing the fraud claim and the private cause of action pursuant to chapter 475. We otherwise affirm.
AFFIRMED in part; REVERSED in part; and REMANDED.
EVANDER, C.J., LAMBERT and EISNAUGLE, JJ., concur.

See, e.g. , §§ 475.42(2), 475.482, 475.483, Fla. Stat. (2018).