COHEN, J.
Mary Teague appeals the final judgment entered in favor of Pepsi Co.-Frito Lay ("Frito Lay") after the trial court granted Frito Lay's motion for summary judgment. We affirm.
Frito Lay employed Teague as a packer from 1987 through 2014. In 2016, Teague filed a suit against Frito Lay in state court alleging disability discrimination and retaliation. Frito Lay removed *529 the case to the United States District Court based on diversity jurisdiction. Following a conference, the federal court issued a case management and scheduling order with a stipulated discovery deadline. The parties engaged in discovery; Frito Lay took Teague's deposition, and Teague deposed her former supervisor. Despite having the opportunity, Teague conducted no additional discovery before the stipulated discovery deadline. After discovery closed, Frito Lay moved for summary judgment. The federal court subsequently remanded the case back to state court because the amount in controversy was insufficient for diversity jurisdiction.
Upon returning to state court, Frito Lay filed another motion for summary judgment, and the court scheduled a hearing. Neither party conducted additional discovery prior to the hearing, nor did Teague move to continue the hearing based on her need to conduct additional discovery. It was not until the hearing that Teague first claimed that summary judgment was premature because she had not completed discovery. The trial court granted Frito Lay's motion and entered a final judgment in its favor, which Teague now appeals.
Teague argues that the trial court erroneously granted summary judgment by prematurely shifting the burden of proof to her to present evidence of a triable issue and by hearing the motion before she completed discovery.
A review of the trial court's thorough summary judgment order reveals no merit to Teague's first claim of error. Further, we find that the trial court did not err in proceeding with the hearing on summary judgment. The parties agreed to a discovery deadline in federal court, and Teague made no effort to conduct additional discovery upon remand to the state court, such as deposing her orthopedic surgeon, whose report concluded that Teague could work without any restrictions. Teague had ample opportunity to depose this witness yet failed to diligently pursue that opportunity both in federal and state court. E.g., Martins v. PNC Bank, Nat'l Ass'n, 170 So.3d 932, 936-37 (Fla. 5th DCA 2015) (noting that "if the non-moving party does not act diligently in completing discovery ..., the trial court is within its discretion to grant summary judgment ..." (citations omitted) ).
In addition, Teague failed to timely move for a continuance before the summary judgment hearing. E.g., Leviton v. Philly Steak-Out, Inc., 533 So.2d 905, 906 (Fla. 3d DCA 1988) ("In any event, the defendants did not request a continuance of the summary judgment hearing so that they could complete their discovery and cannot now be heard to complain that they were not given a reasonable time to complete same." (citations omitted) ). Accordingly, we affirm.
AFFIRMED.
EVANDER, C.J. and SASSO, J., concur.