NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

BOBBIE JO RODRIGUEZ, )
                                                      )
                   Appellant, )
                                                      )
v. )           Case No. 2D18-1007
                                                      )
AVATAR PROPERTY & CASUALTY )
INSURANCE COMPANY, )
                                                      )
                   Appellee. )
_____)

Opinion filed October 2, 2019.

Appeal from the Circuit Court for
Hillsborough County; Martha J. Cook,
Judge.

Kurt J. Rosales and George A. Vaka of
Vaka Law Group, P.L., Tampa, for
Appellant.

Carol M. Rooney of Butler, Weihmuller,
Katz, Craig, LLP, Tampa, for Appellee.

KHOUZAM, Chief Judge.

Bobbie Jo Rodriguez appeals from the final judgment of the trial court in

which it granted summary judgment against her in a breach of contract action against

Avatar Property and Casualty Insurance Company.  Because the trial court abused its

discretion by entering summary judgment before discovery was completed, we reverse and remand for further proceedings.[1]

Rodriguez's home was allegedly water damaged on April 9, 2014. She retained counsel to help her collect on her home insurance policy but was ultimately denied coverage by Avatar, her insurance company. She filed a complaint against Avatar on May 9, 2016, alleging breach of contract. In lieu of an answer, Avatar filed a motion for summary judgment on June 9, 2016, alleging that Rodriguez had failed to satisfy postloss contractual obligations. After deposing Rodriguez, Avatar filed two more motions for summary judgment on November 29, 2016, alleging fraud and intentional concealment.

At a hearing on February 28, 2017, the trial court ordered the parties to coordinate a hearing date on Avatar's summary judgment motions. The trial court also held that Rodriguez's notice of deposition of corporate representative was fatally flawed, striking the notice and ordering Rodriguez to refile it. The summary judgment hearing was ultimately set for January 30, 2018, but Rodriguez never filed a corrected notice of deposition before that time.

On January 10, 2018, Avatar filed a forty-five-page affidavit signed by its corporate representative, Donna Kundrot, and notice that Avatar would rely on this affidavit for summary judgment. This was the first time Avatar identified Kundrot as its corporate representative. About a week later, Rodriguez requested the opportunity to depose Kundrot. She renewed that request the following day and asked for a

---

[1]Rodriguez also argues that there are still issues of material fact that preclude summary judgment. Because we reverse on other grounds, we do not reach these arguments.

continuance of the January 30 hearing. When these requests yielded no results, Rodriguez filed a motion to strike Kundrot's affidavit and a motion to continue the summary judgment hearing. These motions were heard on January 30 immediately before the summary judgment hearing. The trial court denied both motions and granted summary judgment in favor of Avatar.

"A trial court's decision to grant a continuance of a summary judgment hearing is discretionary. However, that discretion is tempered if discovery is not completed and is necessary for the disposition of the case." Harper v. Wal-Mart Stores E., L.P., 134 So. 3d 557, 558 (Fla. 5th DCA 2014) (citing Smith v. Smith, 734 So. 2d 1142, 1144 (Fla. 5th DCA 1999)). "Generally, it is an abuse of discretion for a trial court to grant summary judgment where the opposing party has not had an opportunity to complete discovery." Crowell v. Kaufmann, 845 So. 2d 325, 327 (Fla. 2d DCA 2003) (citing Brandauer v. Publix Super Mkts., Inc., 657 So. 2d 932 (Fla. 2d DCA 1995)). "However, if the non-moving party does not act diligently in completing discovery or uses discovery methods to thwart and/or delay the hearing on the motion for summary judgment, the trial court is within its discretion to grant summary judgment even though there is discovery still pending." Kjellander v. Abbott, 199 So. 3d 1129, 1131 (Fla. 1st DCA 2016) (quoting Martins v. PNC Bank, Nat'l Ass'n, 170 So. 3d 932, 936-37 (Fla. 5th DCA 2015)).

Based on the facts before us, it was an abuse of discretion for the trial court to deny Rodriguez a continuance for the deposition of Avatar's corporate representative. Kundrot was first identified when Avatar filed her forty-five-page summary judgment affidavit about twenty days before the hearing on the motion for

- 3 -

summary judgment.  Rodriguez responded promptly by requesting Kundrot's deposition, then moving to continue the January 30 summary judgment hearing to allow for the deposition.  Because Kundrot "had not been identified or disclosed previously, [Rodriguez was] entitled to depose [her] upon timely request, and [she was] likewise entitled to have the summary judgment hearing continued for that purpose."  Martins, 170 So. 3d at 936 (holding that the trial court abused its discretion by entering summary judgment before appellant could depose the affiant of a summary judgment affidavit, where appellant had requested the deposition about a week after appellee filed the affidavit and the summary judgment hearing was held about two months later).

Avatar argues that the trial court acted within its discretion because Rodriguez had over a year to depose Avatar's corporate representative but failed to do so.  For this reason, Avatar claims Rodriguez's last-minute attempt to depose Kundrot was really a bad faith attempt to delay summary judgment.  See Kjellander, 199 So. 3d at 1131.  While this may be generally true, in this particular case it was Avatar who took the affirmative step of filing forty-five pages of new evidence and identifying Kundrot for the first time only twenty days before the summary judgment hearing.  This would perhaps be a different case if Rodriguez had merely revived a long-abandoned opportunity to take a corporate deposition.  But it was Avatar who waited until shortly before summary judgment to introduce an affidavit that "purported to address many of the disputed issues of fact and to resolve them all in [Avatar's] favor."  Martins, 170 So. 3d at 935.  We therefore reverse the summary judgment and remand for the trial judge to afford Rodriguez an opportunity to depose Kundrot.  However, we note that trial courts "have broad discretion in overseeing discovery matters."  Regalado v. Vila, 225

- 4 -

So. 3d 874, 875 (Fla. 3d DCA 2017) (quoting <u>Remington Lodging & Hosp., LLC v.</u> <u>Southernmost House, LTD</u>, 206 So. 3d 764, 764 (Fla. 3d DCA 2016)).  The trial court may therefore set reasonable restrictions or conditions on the timing of this deposition to prevent undue delay.

Reversed and remanded.

KELLY and SMITH, JJ., Concur.