IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

SOPHIA DZIEGIELEWSKI,

       Appellant,

 v.

                          Case No.  5D22-157
                          LT Case No. 2020-CA-41058-X

BONNIE SCALERO, SANDRA L.
POSER, AND SUPREME TITLE
CLOSINGS, LLC,

       Appellees.

_____/

Opinion filed December 9, 2022

Appeal from the Circuit Court
for Brevard County,
Curt Jacobus, Judge.

Allan P. Whitehead, and Erika
McBryde of Frese, Whitehead,
Anderson & Henderson, P.A.,
Melbourne, for Appellant.

W. Nathan Meloon, and Scott
Widerman of Widerman Malek, P.L.,
Melbourne, for Appellee.

EVANDER, J.

Sophia Dziegielewski ("Buyer") appeals an order dismissing, with prejudice, her claims against Bonnie Scalero ("Scalero") for fraudulent inducement and negligent misrepresentation. We reverse for two reasons. First, Buyer's amended complaint sufficiently stated a cause of action against Scalero on both of the claims. Second, the trial court abused its discretion in denying Buyer's request for leave to amend.

Appellate courts review an order granting a motion to dismiss *de novo*. *Milnar v. United Parcel Serv., Inc.*, 186 So. 3d 997, 1004 (Fla. 2016). Review is confined to the four corners of the complaint. *Id.* The allegations set forth in the complaint must be assumed to be true and all reasonable inferences arising therefrom are taken in favor of the plaintiff. *Id.* Accordingly, for purposes of this appeal, we accept the well-pled allegations of the amended complaint to constitute the facts of this case.

In September 2019, Sandra Poser ("Seller") listed her condominium unit for sale through Scalero, her real estate agent. The Multiple Listing Service ("MLS") listing for the property contained the following representation about the number of garage spaces associated with the unit: "Not one or two, but three deeded garages come with this unit, so bring your beach toys and collectable cars." Shortly after posting the MLS listing, Scalero was notified

that the condominium association ("Association") maintained that the unit came with the exclusive right to use one, not three, garage spaces. A sale of the unit fell through after the potential buyer was provided with an Association estoppel letter stating that only one garage space was attached or appurtenant to the condominium unit. Scalero was further advised of a lawsuit involving the use of the garages within the condominium complex and she was warned that her continued representations as to the garage spaces being included in the sale of the condominium unit were false and would cause legal issues to any potential purchaser.

In January 2020, Buyer became interested in the condominium unit, in part, because of the MLS listing's statement that the unit came with three garage spaces. During a tour of the condominium, Buyer asked Scalero whether the sale included the purchase and exclusive use of the three garage spaces. Scalero responded in the affirmative.

After initial negotiations, Seller presented Buyer with a proposed purchase contract. Upon reviewing the contract, Buyer noticed the following provision related to the number of garage spaces:

> 20.   ADDITIONAL TERMS: Seller is the rightful owner of unit #301, together with garages 19-A, 9-A, and 11-A, as evidenced by deeds recorded in Brevard County Clerk of Court. Due to deficient and missing documents dating back to when the condominium was developed in 1978 the Seller can only guarantee title to unit #301 and garage #19-A.

3

Concerned about this provision, Buyer again asked Scalero whether the sale of the condominium unit included the purchase and exclusive use of three garage spaces. Scalero again responded affirmatively and explained that access to the three garage spaces was listed in the Condominium Rider to the contract ("Condo Rider"), which stated:

> 8. COMMON ELEMENTS; PARKING:
> The Property includes the unit being purchased and an undivided interest in the common elements and appurtenant common elements of the condominium, as specified in the Declaration. Seller's right and interest in or to the use of the following parking space(s), garage, and other areas are included in the sale of the Property and shall be assigned to Buyer at Closing, subject to the Declaration:
> Parking Space(s) # _____ Garage # 19A Other: 9A and 11A

Based on this provision, Scalero told Buyer there was no need for concern about the number of garage spaces included in the unit.[1]

During the closing, Buyer was again advised that her purchase included the exclusive right to use all three garage spaces. However, the day after the closing, Association notified Buyer that she only had the exclusive right to use one garage space. In addition, Association told Buyer that it had

---

[1] The Condo Rider also contained the following provision: "3(d). Litigation: Seller represents that Seller is not aware of pending or anticipated litigation affecting the Property or the common elements, if any, except as follows: [left blank]."

previously sent an estoppel letter to Seller, Scalero, and the closing agent reciting that "the only garage space that could be conveyed with the subject property was garage space 19-A." This estoppel letter was not provided to Buyer before the closing.

Buyer subsequently learned that two prior contracts on the property failed to close because the prospective buyers "discovered that the unit did not convey with three garages." Buyer would not have purchased the subject property at the contract price if she had known that she was only receiving the exclusive use to one garage space.

Buyer filed suit against Scalero, Seller, and the closing agent. The trial court later dismissed the counts against Scalero, finding that "there is no cause of action against Ms. Scalero." On appeal, Buyer first argues that the amended complaint stated a cause of action for both fraudulent inducement and negligent misrepresentation.

There are four elements of fraudulent inducement and fraudulent misrepresentation: "(1) a false statement concerning a material fact; (2) the representor's knowledge that the representation is false; (3) an intention that the representation induced another to act on it; and (4) consequent injury by the party acting in reliance on the representation." *Butler v. Yusem,* 44 So. 3d 102, 105 (Fla. 2010) (citing Johnson v. Davis, 480 So. 2d 625, 627 (Fla.

5

1985); *Moriber v. Dreiling*, 194 So. 3d 369, 373 (recognizing elements apply to both fraudulent inducement and fraudulent misrepresentation).

The elements of a negligent misrepresentation claim are somewhat different:

> [I]n order to allege a viable cause of action or negligent misrepresentation a plaintiff must allege in his complaint that: (1) the defendant made a misrepresentation of material fact that he believed to be true but which was in fact false; (2) the defendant was negligent in making the statement because he should have known the representation was false; (3) the defendant intended to induce the plaintiff to rely on the misrepresentation; and (4) injury resulted to the plaintiff acting in justifiable reliance upon the misrepresentation.

*Simon v. Celebration Co.*, 883 So. 2d 826, 832 (Fla. 5th DCA 2004). After reviewing the detailed allegations of the amended complaint, we conclude that each of the elements in both counts brought against Scalero were sufficiently alleged.

Scalero's primary argument in support of the trial court's order was that paragraph #20 of the purchase contract, which was attached to the amended complaint, contradicts Scalero's alleged false statements that Buyer would be receiving exclusive use of three garage spaces. Thus, Scalero argues "there can be no fraud where the issue alleged to be fraud was disclosed." Specifically, Scalero relies on the language that "Seller can only guarantee title to unit #301 and garage #19-A." We reject Seller's argument. First,

6

paragraph #8 of the Condo Rider expressly recites that garage spaces #19-A, #9-A, and #11-A were included in the sale of the condominium unit. Second, when asked to clarify any potential discrepancy between paragraph #20 of the contract and paragraph #8 of the Condo Rider, Scalero affirmatively represented that Buyer would receive exclusive use of three garage spaces. Third, Scalero's argument that she had "disclosed" the garage space "issue" is undermined by her failure to disclose Association's position that Seller could not convey the exclusive right to the use of three garage spaces. Fourth, paragraph #20 references "guaranteeing title" to only one garage space when, according to Buyer, what is at stake is exclusive right to use three garage spaces, not outright title to those spaces.

The other arguments raised by Scalero in support of the trial court's order are either without merit or require us to look outside the four corners of the complaint. Accordingly, we conclude that the trial court erred in granting Scalero's motion to dismiss.

Buyer also argues that the trial court abused its discretion in denying her request for an additional opportunity to amend the complaint. Because Buyer desires to make additional claims against Scalero, this issue is not rendered moot by our determination that the two counts brought against Scalero should not have been dismissed.

7

As a general rule, refusal to allow amendment constitutes an abuse of discretion unless it appears that the privilege to amend has been abused, amendment would prejudice the opposing party, or amendment would be futile. *Gate Lands Co. v. Old Ponte Vedra Beach Condo.*, 715 So. 2d 1132, 1135 (Fla. 5th DCA 1998).

Here, the record reflects that Buyer has not abused the amendment privilege. *See Dimick v. Ray*, 774 So. 2d 830, 833 (Fla. 4th DCA 2000) (holding one prior amendment to complaint is not an abuse of amendment process); *Adams v. Knabb Turpentine Co.*, 435 So. 2d 944, 946 (Fla. 1st DCA 1983) ("In the instant case, appellants clearly have not abused the amendment privilege, having filed only the original complaint and one amendment."); *Highlands Cnty. Sch. Bd. v. K.D. Hedin Constr., Inc.*, 382 So. 2d 90, 91 (Fla. 2d DCA 1980) (holding one prior amendment to complaint is not abuse of amendment process).

Furthermore, there is nothing in the record to show that Scalero would be prejudiced by allowing Buyer to amend. Indeed, as observed by Buyer, Scalero has not even filed an answer to the amended complaint yet.

Finally, there has been no showing that amendment would be futile. For example, Buyer argued both below and on appeal that she wishes to include a count against Scalero based on Scalero's alleged violation of her

duties under Chapter 475, Florida Statutes (2020). This court has previously held that Chapter 475 authorizes a private cause of action against a real estate broker for violation of statutory duties when the broker allegedly engaged in fraudulent concealment in conjunction with the sale of residential real property. *See Smith v. Rodriguez*, 269 So. 3d 645, 647 (Fla. 5th DCA 2019).

Thus, we conclude that the trial court abused its discretion in denying Buyer's request for leave to amend.

REVERSED and REMANDED.


LAMBERT, C.J., and WALLIS, J., concur.